[Criminal No. 659.   Filed December 19, 1927.]

[262 Pac. 14.]

D. VIGIL, Appellant, v. STATE, Respondent.

Mr. Greg Garcia, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Frank J. Duffy, Assistant Attorney General, for the State.

LOCKWOOD, J.—D. Vigil and Pablo Padilla were jointly informed against for the crime of grand larceny. They were tried before a jury, which found

Vigil guilty and Padilla not guilty, and, from the verdict and judgment, Vigil has prosecuted this appeal. The offense with which defendants were charged was the killing and stealing of a calf belonging to C. M. LaPrade. Vigil admitted on the stand that he had killed the calf, but claimed that at that time, and on similar previous occasions, he was acting as a "stool pigeon" for the Cattlemen's Association in an endeavor to break up what was said to be an organized gang of cattle thieves in Navajo county, and that he had been employed by one R. L. Neill for that purpose. Neill denied any such arrangement, insisting that he had caught Vigil red-handed in the commission of the alleged crime. Vigil's statement was supported by certain circumstances and evidence, and Neill's by other facts and testimony.

There are some four assignments of error, raising three propositions of law, which we will discuss as seems best. Assignments 1 and 3 go to the admission of evidence to the effect that at two previous times Vigil had either stolen or attempted to steal other cattle. It is the contention of appellant, and was in the court below, that, while paragraph 3727, Revised Statutes of Arizona of 1913, Civil Code, expressly provides that the evidence of other similar offenses is admissible in the case of larceny of cattle, there must have been an actual conviction of the other offenses to make such evidence admissible, and that the other alleged offenses concerning which testimony was given in this case were too remote. It is a well-established rule of law in this state that, while ordinarily evidence of offenses other than that for which a defendant is on trial cannot be introduced, there are certain exceptions to the general rule. Among these exceptions is where the evidence tends to show a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. This rule

does not depend on paragraph 3727, *supra*, but is a general principle of evidence applicable to all crimes. *Crowell* v. *State*, 15 Ariz. 66, 136 Pac. 279; *Lawrence* v. *State*, 29 Ariz. 247, 240 Pac. 863; *Holder* v. *State*, 31 Ariz. 357, 253 Pac. 629; *Cluff* v. *State*, 16 Ariz. 179, 142 Pac. 644; *Dorsey* v. *State*, 25 Ariz. 139, 213 Pac. 1011; *Lewis* v. *State*, 32 Ariz. 182, 256 Pac. 1048. Nor is it necessary that in cases of this kind the transactions in question should be identical. As was said in the case last cited:

"It is sufficient if the similarity be such that a reasonable man would believe therefrom that the person who had done one of the acts proven had done the other. In other words, there must be a thread of similarity running through the various incidents which would tend to show the same hand engaged in all."

We have examined the testimony to which objection was made, and think it clearly comes within the rule just stated.

The second assignment of error is that the verdict was contrary to the weight of the evidence. There is no principle more closely followed by this court than that we will not disturb a verdict of a jury when there is a reasonable conflict in the evidence, no matter what we as individuals might think the real facts to be. *Encinas* v. *State*, 26 Ariz. 24, 221 Pac. 232; *Gibson* v. *State*, 25 Ariz. 236, 215 Pac. 729; *Cline* v. *State*, 21 Ariz. 554, 192 Pac. 1071; *Quong Yu* v. *Territory*, 12 Ariz. 183, 100 Pac. 462. In the case at bar, the testimony for the state and for the defense was in sharp conflict. It was of such a nature that the jury would have been justified in returning a verdict either of guilty or not guilty, depending upon which witnesses they believed. The credibility of witnesses is solely for the jury, and we cannot say affirmatively that in this case they abused the discretion given them by law.

The fourth assignment of error is that the court erred in giving the following instruction:

"You are further instructed, gentlemen of the jury, that Pablo P. Padilla claims that he was entrapped into this affair, and, if you find from the evidence that Pablo P. Padilla did not commit the crime herein charged, or assist or aid D. Vigil in the commission of the crime as charged, then it is your duty to find him not guilty."

Appellant claims that this instruction indicated to the jury the court believed Vigil to be guilty of the crime as charged, and that such indication was a comment on the evidence, and prohibited by our Constitution (art. 6, § 12) and statute (Pen. Code 1913, § 1069; Civ. Code 1913, par. 515). We have held repeatedly that instructions must be construed as a whole, and appellant may not take therefrom isolated phrases or sentences and predicate error thereon when the instructions, when taken altogether, correctly state the law. *Faltin* v. *State,* 17 Ariz. 278, 151 Pac. 952; *Lenord* v. *State,* 15 Ariz. 137, 137 Pac. 412; *Vincent* v. *State,* 16 Ariz. 297, 145 Pac. 241.

We have examined the instructions in this case carefully, and, while the one objected to is perhaps somewhat unhappily worded, we think that when taken together with the other instructions, it does not bear the construction placed on it by appellant. This disposes of the various assignments of error.

The judgment of the superior court of Navajo county is affirmed.

ROSS, C. J., and McALISTER, J., concur.