383 P.2d 180

The STATE of Arizona, Appellee,

v.

Van AKINS, Sam Akins, and Bennie Akins, Appellants.

No. 1270.

Supreme Court of Arizona.

En Banc.

June 27, 1963.

264

Gibson & Gibson, Phoenix, for appellants.

Robert W. Pickrell, Atty. Gen., David M. Lurie, Asst. Atty. Gen., and Charles N. Ronan, County Atty. of Maricopa County, for appellee.

STRUCKMEYER, Justice.

Appellants, Van Akins, Sam Akins and Bennie Akins, were charged with murder in the first degree, found guilty after trial and sentenced to life imprisonment. They appeal to this Court, urging that it was error for the court below to admit evidence of crimes distinct and independent from those with which they were charged.

On Sunday evening, October 29th, 1961, the appellants and two juveniles named Draper and Finnerson rode with appellants in an automobile owned and driven by Bennie Akins to a tavern at Hamilton's Corner near Chandler, Arizona. The automobile was backed up to the tavern where after a few minutes at about 6:30 P.M. a male Mexican came out of the tavern. The Mexican was then robbed in this manner: Sam Akins held a gun and Van Akins and Finnerson searched the victim and took from his person a gold watch and $1.50. The three then returned to the car and all drove around for about thirty minutes returning to Hamilton's Corner where again Bennie Akins backed the car against the tavern. Shortly two Indians drove up and as they were about to enter the tavern were called over to the car. Sam then threatened the Indians with the pistol while Bennie Akins, Van Akins and Finnerson searched them. However, nothing was found of value so the five drove to what is known as the Southside Tavern also near Chandler.

Again, the car was backed up near the tavern while appellants waited in the car until a Mexican, Tony Zambrano Aguilar, came out. In this instance Bennie Akins acted as a lookout. Van Akins ran up to the victim, threw him to the ground and held him down while Sam searched him, taking 50 cents and a chapstick. Van Akins violently kicked the victim five or six times causing six broken ribs and a ruptured spleen from which injuries the victim died a few hours later.

On this evidence the jury returned a verdict of guilty of murder in the first degree and the three named appellants were sentenced to life imprisonment. The two juveniles, Draper and Finnerson, were not prosecuted as adults.

Appellants here assign three grounds for error all directed at the admission of testimony relating to the two incidents at Hamilton's Corner prior to the robbery near the Southside Tavern.

Evidence tending to show the commission of another crime entirely distinct and independent from that for which the accused is on trial is generally neither relevant nor admissible. We have repeatedly stated, however, the well recognized exception that evidence of other crimes is competent to prove the specific crime charged when it tends to establish motive, intent, the absence of mistake or accident, identity, a scheme or plan common to the commission of two or more crimes so related to each other that proof of one tends to establish the other. State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120.

It is urged by appellants that the alleged crimes of robbery committed at Hamilton's Corner are separate and distinct acts inadmissible under the exception

to the general rule because they have no tendency to establish facts pertinent to the proof of the crime charged, murder in the first degree. We agree with the appellants' argument that due to the prejudicial nature of the proof of other offenses, the evidence should not be admitted simply on a showing that some parts of the offenses at Hamilton's Corner have similarities to that near the Southside Tavern unless the similarities are such that there can be inferred from them an essential element necessary to sustain the conviction of murder.

■ Murder is the unlawful killing of a human being with malice aforethought, A.R.S. § 13–451. In the first degree it may be committed in the perpetration or attempt to perpetrate arson, rape, robbery, burglary or mayhem. A.R.S. § 13–452. When a homicide is committed for the purpose of robbery, premeditation is not an element, the robbery being the legal equivalent of premeditation, State v. Serna, 69 Ariz. 181, 211 P.2d 455, cert. denied, 339 U.S. 973, 70 S.Ct. 1031, 94 L.Ed. 1380. Proof by the prosecution of a homicide committed in the course of a robbery or attempted robbery establishes the necessary elements to support a conviction of first degree murder.

■ In the instant case the victim of the Southside Tavern robbery died within a few hours after the perpetration of the offense. Upon it being established that appellants were parties to the assault, it became necessary and vital for the state to prove both motive for the assault and the intent, that is, that the motive was robbery and that the robbery was intended. Plainly, both motive and intent may be inferred from the prior criminal acts at Hamilton's Corner and the court below correctly so instructed the jury.

The trial court also instructed the jury in substance that the evidence of other criminal offenses was received for whatever value, it might have, if any, tending to show that there existed in the minds of the defendants a plan, scheme, system or design into which fitted the commission of the offense near the Southside Tavern. It is appellants' principal argument that the evidence of the asserted offenses at Hamilton's Corner does not support an inference of a plan to commit robberies in that it does not go so far as to establish a plan, the consummation of which included the robbery out of which arose the homicide. Concededly, the mere fact of the commission of other robberies would not prove a robbery in the incident in which appellants were charged.

■ Similarities between the offenses at Hamilton's Corner and that near the Southside Tavern must be in those important aspects where normally there could be expected to be found differences. Evidence is not admissible except as it may

show a tendency or likelihood of a plan common to all offenses to commit the crime. Lovely v. United States, 4 Cir., 169 F.2d 386.

■■ In the instant case a plan to commit the crimes of robbery can be inferred from the facts that two other offenses, a robbery and an attempted robbery, were committed in close proximity, both in time and in place; that the procedure used was the accosting of the victims, all patrons of taverns, either intoxicated or likely to be so and thus by reason of intoxication to be relatively incapable of present resistance or future identification; that the victims were in a class, Mexicans or Indians, who would be unlikely to complain or if complaining would not be given serious consideration; that the acts were perpetrated in a similar manner by backing the automobile close to taverns, and there waiting for likely subjects. The jury could reasonably infer a preconceived plan to commit acts of robbery which included the incident out of which appellants were prosecuted.

It is not necessary that the evidence establish the crimes were perpetrated in an absolutely identical manner. Vigil v. State, 33 Ariz. 51, 262 P. 14. That the offenses at Hamilton's Corner were committed with a gun and that at the Southside Tavern the offense was by overpowering the victim by physical force, the gun being present though unused and unseen, is not such a dissimilarity as to reject the natural inference of a preconceived plan to commit robberies inferable from the evidence of the other crimes.

In Roulston v. State, (Okl.Cr.) 307 P.2d 861, relied on by appellants the court was unable to find any visible connection between the offenses. We think there is a visible connection here.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concurring.