409 P.2d 47

**STATE of Arizona, Appellee,**

v.

**Larry D. HANNA, Appellant.**

**No. 1614.**

Supreme Court of Arizona, En Banc.

Dec. 23, 1965.

Darrell F. Smith, Atty. Gen., Robert Corbin, Maricopa County Atty., for appellee.

Sydney Block, Phoenix, for appellant.

McFARLAND, Justice.

Larry D. Hanna, hereinafter referred to as defendant, was convicted and sentenced by a jury to life imprisonment for the crime of first-degree murder, in violation of A.R. S. § 13–451 and A.R.S. § 13–453. From his conviction and sentence defendant appeals.

Defendant, on parole from Arizona state prison, and in the custody of his foster parents, Frank Hanna and the decedent, Janey Hanna, had during the month of May 1964 forged some $800 in checks on his foster parents' checking account. The Hannas had no knowledge of the forged checks at that time. On May 25, 1964, defendant was informed by his girl friend that her mother was sick in Oregon, and that she would have to return there from Phoenix immediately. He told her he would pay for plane tickets for both of them, and made reservations in the name of Mr. and Mrs.

Larry D. Hanna for the next day. On the morning of May 26, 1964, defendant had an argument with his mother. He struck her, and then bound her feet and hands with nylon stockings, then tied another nylon stocking around her neck, and forced a handkerchief down her throat. She died as a result of strangulation.

Defendant next cashed a check for $450 on which he had forged his foster father's name. He then picked up his girl friend, and proceeded with her to Sky Harbor airport in Phoenix, and they flew to Portland, Oregon. Defendant was arrested the following day by agents of the Federal Bureau of Investigation on a federal warrant for unlawful flight to avoid prosecution for murder.

An arraignment was held July 24, 1964, in Phoenix, and defendant pleaded not guilty, and not guilty by reason of insanity. On the morning the trial was to begin he withdrew his plea of not guilty by reason of insanity. He was represented by court-appointed counsel at every stage of the proceedings.

Defendant filed notice of appeal in propria persona, and the trial court appointed counsel pursuant to A.R.S. § 13–161 to handle the appeal. Defendant's counsel informed this court that he had searched the record, including the transcript of proceedings in the trial court, and was unable to find grounds upon which an appeal could be based. The case was submitted on the record for examination as to fundamental error.

During the course of the trial several questions were presented by defense counsel concerning the introduction of evidence. Most of these questions were embraced in defendant's motion for mistrial, based on the introduction of testimony "dealing with other apparent crimes or wrongful acts on the part of this defendant, totally unrelated in any fashion with the charge which he is facing here, which is a homicide."

Grounds for this motion, made several times during the course of the trial, were stated by defense counsel, as follows:

"* * * my motion for mistrial is based upon the presence in this case, at this time, of evidence of the defendant having been in the penitentiary; of evidence of other crimes and bad acts, such as taking a young girl out of the state, taking her to a hotel room in Oregon, being found there in Oregon with the defendant; furthermore, of writing checks, of writing bad checks, forgeries, bogus checks et cetera, all of which are very immaterial and irrelevant insofar as this case is concerned."

The state offered this evidence to show motive in that defendant, while out on parole after conviction for drawing checks on no account, had written numerous checks on his foster parents' checking account by forging their signatures. He

**348**

had been told by them that if he wrote any more bad checks they would turn him in to his parole officer to be sent back to the Arizona state prison. The court properly held that the state is permitted to introduce evidence of prior criminal acts which show a motive for the crime charged. State v. Akins, 94 Ariz. 263, 383 P.2d 180; Douglass v. State, 44 Ariz. 84, 33 P.2d 985; Lawrence v. State, 29 Ariz. 247, 240 P. 863.

■ Defendant took the stand in his own behalf, admitted the acts which resulted in the death of his mother, but presented the testimony to negate premeditation and deliberation. Defendant based his defense primarily on grounds that he was not guilty of more than manslaughter. All of these matters were presented and considered by the court. Verdicts for first and second-degree murder, and manslaughter were submitted to the jury, who returned a verdict of guilty of first-degree murder, and fixed penalty at life imprisonment. Examination of the record reveals ample evidence to support this verdict. State v. Randolph, 99 Ariz. 253, 408 P.2d 397, (December 8, 1965).

■ Examination of the record reveals no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Judgment affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.