544 P.2d 241

**The STATE of Arizona, Appellee,**

v.

**David Wayne DALE, Appellant.**

**No. 2 CA–CR 544.**

Court of Appeals of Arizona, Division 2.

Dec. 31, 1975.

Rehearing Denied Feb. 9, 1976.

Review Granted March 2, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant, David Wayne Dale, was charged with rape and kidnap for rape on Ann Dallas, and with rape, sodomy and comitting a lewd and lascivious act on Deborah Kerr. The charges that concerned Dallas were tried together with those that concerned Kerr. At the end of the trial, the jury returned a verdict of guilty on all the charges. From the judgment of conviction, appellant brings this appeal.

Appellant contends that (1) the trial court erred in denying his motion to sever counts one and two of the indictment from counts three, four and five; (2) the trial court abused its discretion in failing to preclude the testimony of Ann Dallas and Margaret Reichelt because the prosecutor did not make them available for discovery; (3) the trial court erred in allowing Margaret Reichelt to relate an out-of-court declaration made to her by Ann Dallas; (4) A.R.S. Sec. 13–652 (lewd and lascivious act) is unconstitutionally vague; and (5) the trial court's failure to sever counts one and two from the remaining counts violated appellant's right not to be a witness against himself and to be tried by an impartial jury.

At about 12:30 a. m. on September 4, 1974, Ann Dallas was hitchhiking near the intersection of Speedway and Country Club in Tucson. Appellant picked her up in his car. He drove east on Speedway, but then made a 180-degree turn at Alvernon and proceeded west. When Dallas asked where they were going, appellant drew a knife and said, "Never mind." Appellant drove past Silverbell Road on Speedway and parked in the desert. He then ordered Dallas into the back seat, struck her several times to force her to comply, and then raped her.

After the rape was completed, appellant drove Dallas to a local restaurant and they had breakfast. While appellant was momentarily absent from the table, Dallas wrote down his description. After breakfast, appellant drove Dallas to the Speedway-Swan area and pulled into an alley. Before releasing her, appellant stabbed her with a knife. Dallas then walked to a Jack-in-the-Box and called Margaret Reichelt to pick her up. When Reichelt arrived, Dallas told her, "I've just been raped."

On October 5, 1974, appellant encountered Deborah Kerr in a parking lot next to Choo-Choo's, a Tucson bar. Kerr agreed to go with appellant to pick up some friends of his. Instead of picking up friends, however, appellant drove Kerr to the same desert area where he had taken Ann Dallas a month before. After he parked his car, appellant struck and choked Kerr and pulled her hair. He then raped and sodomized her and forced her to perform fellatio on him.

Appellant then drove Kerr back to Tucson. At the intersection of Grant and Campbell she was able to jump out of his car. The following morning she reported appellant to the police.

Appellant first contends the court erred in refusing to grant his motion to sever counts one and two (rape and kidnap for rape on Ann Dallas) from counts three through five (rape, lewd and lascivious acts, and sodomy on Deborah Kerr). The offenses were joined in the same indictment pursuant to Rule 13.3(a)(3), Rules of Criminal Procedure, 17 A.R.S., which provides:

"a. Offenses. Provided that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information, or complaint, if they:

\* \* \* \* \* \*

(3) Are alleged to have been a part of a common scheme or plan."

Rule 13.4(a) provides:

"In General. Whenever 2 or more offenses or 2 or more defendants have

been joined for trial, and severance of any or all offenses, or of any or all defendants, or both, *is necessary to promote a fair determination of the guilt or innocence of any defendant of any offense,* the court may on its own initiative, and shall on motion of a party, order such severance." (Emphasis added)

The comment to Rule 13.4(a) states:

"This provision is intended to maintain the previous Arizona practice of allowing discretionary severance on a case-by-case basis. However, unlike the absolute discretion provided by former Rule 254, see *State v. Webb,* 101 Ariz. 307, 419 P.2d 91 (1966), it provides a definite standard, albeit a flexible one."

Here the trial court's decision whether severance was necessary to promote a fair determination of appellant's guilt or innocence turned on whether or not the evidence of the Kerr incident would be admissible in a separate trial on the charges arising out of the Dallas incident, and vice versa. If it would, then the granting of severance would accomplish nothing and could reasonably be viewed as unnecessary to promote a fair determination of guilt or innocence.

■ As a general rule, the prosecution may not introduce evidence that the defendant committed a bad act other than the one for which he is being tried. *State v. Keith,* 24 Ariz.App. 275, 537 P.2d 1333 (1975). Such evidence is admissible, however, if the two acts have common features indicating a common design, scheme or plan. *State v. Valdez,* 23 Ariz.App. 518, 534 P.2d 449 (1975). As our Supreme Court stated in *State v. Akins,* 94 Ariz. 263, 383 P.2d 180 (1963):

"Similarities between the offenses . . . must be in those important aspects where normally there could be expected to be found differences." 94 Ariz. at 266, 383 P.2d at 183.

■ We think evidence of the Kerr and Dallas incidents meets the *Akins* test. In both instances appellant used his car to pick up the victims and both entered the car voluntarily. Both times appellant initially purported to take the victims to places they wished to go, but then changed direction and headed for the same desert location. In both cases appellant forced his victims to submit by the use of physical violence or the threat thereof. Further, in both cases appellant drove his victims back to Tucson instead of leaving them in the desert. We think these similarities are in aspects where one would normally expect to find differences. *See, State v. Kelly,* 111 Ariz. 181, 526 P.2d 720 (1974); *State v. Thomas,* 110 Ariz. 106, 515 P.2d 851 (1973); *State v. Finley,* 85 Ariz. 327, 338 P.2d 790 (1959). The evidence of both the Kerr and Dallas incidents would therefore be admissible in separate trials under the common scheme or plan exception. The trial court accordingly did not abuse its discretion in holding that severance was unnecessary to promote a fair determination of guilt or innocence.

■ Appellant also contends that the trial court abused its discretion in failing to preclude the testimony of Ann Dallas and Margaret Reichelt under Rule 15.7, Rules of Criminal Procedure, 17 A.R.S. On November 4, 1974, appellant requested that the court order the prosecution to produce Ann Dallas for deposition on November 15, 1974. The trial court granted the request. The prosecution had difficulty locating Dallas, who was in Massachusetts, and hence appellant was unable to depose her until November 26, 1974, the day before the trial. After the deposition, appellant raised no objection to the introduction of her testimony.

During the deposition Margaret Reichelt was mentioned as a potential witness. When the prosecution proposed to call her, appellant objected because she had not been disclosed as a witness and he had not been able to interview her. The trial court granted a recess to allow appellant an interview. Thereafter appellant did not object to her testimony.

We think that by failing to renew his objections, appellant waived the right to complain that the trial court should have precluded the testimony of Reichelt and Dallas.

■ Appellant next contends it was error for the trial court to admit Reichelt's testimony that Dallas told her "I've just been raped" when she picked her up at the Jack-in-the-Box. We note that the record is replete with evidence that appellant raped Dallas, and we think that Dallas' out-of-court declaration was superfluous to the prosecution's case. We therefore conclude that even if the declaration was not within any exception to the hearsay rule, its admission into evidence was harmless error.

■ Appellant further contends that A.R.S. Sec. 13–652 is void for vagueness. We have recently held that A.R.S. Secs. 13–651 and 13–652 are violative of the right of privacy and therefore unconstitutional. *State v. Callaway*, Ariz.App., 542 P.2d 1147 (Filed November 26, 1975). We must therefore reverse appellant's convictions for sodomy and committing a lewd and lascivious act.

■ Appellant finally contends that the trial court's refusal to sever counts one and two from counts three, four and five deprived him of his Fifth Amendment right not to be a witness against himself and his Sixth Amendment right to trial by an impartial jury. Appellant argues as follows: His defense against the Dallas charges was that Dallas consented. To establish this defense he had to take the witness stand and testify. On the other hand, his defense against the Kerr charges was alibi. Unlike the situation with the Dallas charges, there was no need for him to testify concerning the alibi defense. Because of his need to testify on the consent defense to the Dallas charges, however, he was forced to give up his Fifth Amendment right not to testify on the Kerr charges. He argues that this would not have happened if the Dallas and Kerr charges had been tried separately and concludes that the trial court violated his Fifth Amendment rights by refusing to grant a severance.

In support of this contention, appellant cites *State v. Tuell*, Ariz., 541 P.2d 1142 (Filed October 27, 1975). In *Tuell*, the defendant was charged with unlawful sale of narcotics on February 18, 1974, and unlawful possession of narcotics for sale on November 20, 1974. The two charges were severed for trial. Before the trial of the first charge, the defendant moved in limine to exclude all evidence of the second charge. The trial court denied the motion and held that the evidence of the second charge could be offered on the issues of identity and intent. Defense counsel avowed to the trial court that defendant had wanted to testify in his own defense, but that the threat of the introduction of evidence of the second charge had forced him not to. The prosecution ultimately chose not to introduce evidence of the second charge. Defendant was convicted and the Supreme Court reversed. It held that the evidence of the second charge was not admissible under any exception to the rule excluding other bad acts. It further held that since the trial court's ruling effectively precluded the defendant from exercising his right to testify in his own behalf, the fact that evidence of the second charge was never introduced did not render the question moot on appeal.

We do not think *Tuell* mandates reversal in this case. In contrast to the situation in *Tuell*, there is no indication in the record that appellant intended to assert his right not to testify on the Kerr charges. That being the case, we cannot say that the trial court's refusal to grant a severance violated appellant's Fifth or Sixth Amendment rights.

Appellant's convictions for sodomy and committing a lewd and lascivious act are reversed. The judgment is otherwise affirmed.

HOWARD, C. J., concurs.

HATHAWAY, Judge (concurring in part and dissenting in part).

For the reasons given in my dissent in *State v. Callaway,* supra, I dissent from the reversal of appellant's convictions for sodomy and committing a lewd and lascivious act. I concur in the remainder of the opinion.