550 P.2d 83
**STATE of Arizona, Appellee,**
v.
**David Wayne DALE, Appellant.**
**No. 3413–PR.**

Supreme Court of Arizona,
En Banc.
May 17, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

The appellant, David Wayne Dale, was convicted on January 24, 1975, of two counts of rape, first degree; and one count of kidnapping with the intent to commit rape, lewd and lascivious acts, and sodomy. This court granted appellant's petition for review. The opinion of the Court of Appeals is Vacated. *State v. Dale*, 25 Ariz. App. 417, 544 P.2d 241 (1975).

The crimes which form the basis for the indictment in this matter arise out of two separate incidents involving the appellant and two female victims. The first incident occurred on September 4, 1974. Appellant was charged with kidnapping with the intent to commit rape, and with the rape of Ann Dallas. The victim, Dallas, was hitchhiking when given a ride by appellant. After Dallas entered the vehicle, appellant abducted her and drove her to a deserted area near Tucson, where he raped her.

The second incident occurred on October 5, 1974. Appellant met Debra Kerr at a Tucson bar. They had a conversation which concluded with appellant's offer of a ride. After she entered the vehicle, appellant took her to a location almost identical to that involved in the first incident, and committed the three additional acts of sexual misconduct alleged in the indictment.

Appellant made a motion to sever the multiple counts of the indictment prior to trial, based on the fact that the crimes were not connected together in their commission, nor could they be construed to be part of a common scheme or plan. The trial court ruled that there were sufficient facts to bring the case within the provisions of Rule 13.3(a)(2) and (a)(3), Rules of Criminal Procedure, and denied the motion to sever. The appellant was thereafter tried on all five counts in the original indictment resulting in the convictions from which he appeals.

Appellant presents the following issues on appeal:

1. Did the trial court err in denying the motion to sever?

2. Was it error for the trial court to allow Ann Dallas and Margaret Reichelt to testify?

3. Was the trial court in error in allowing Margaret Reichelt to testify as to what Ann Dallas told her?

4. Is ARS § 13–652 unconstitutionally vague and standardless?

5. Was appellant deprived of his Fifth and Sixth Amendment rights by joinder of all the offenses in a single trial?

This court is presented with two issues relating to the trial court's denial of appellant's motion to sever. The first issue concerns the deprivation of certain of appellant's constitutional rights by joinder of all issues in one trial. In his argument appellant states that the joinder of charges involving two separate unrelated incidents deprived him of his right to an impartial jury as to counts 3, 4 and 5, involving Debra Kerr, since he was compelled to testify. The compulsion stems from the fact that appellant chose to testify on the issue of Dallas' consent, but was deprived of the option of not testifying in his own behalf with regard to the incident involving Kerr, since both were joined in

one proceeding. Rule 13.4(c), Rules of Criminal Procedure, provides:

> *"Timeliness and Waiver.* A defendant's motion to sever offenses or defendants must be made prior to trial and, if denied, renewed during trial at or before the close of the evidence. If a ground not previously known arises during trial, the defendant must move for severance at or before the close of the evidence. Severance is waived if a proper motion is not timely made and renewed."

Appellant asserted this position for the first time in his motion for a new trial. We hold that this motion was not timely made and was therefore waived.

Appellant's second argument in opposition to the trial court's decision to join all the matters in the indictment relates to the issue of the inapplicability of the joinder provisions of Rule 13.3(a)(2) and (a)(3) to the joinder of counts 1 and 2 with counts 3, 4 and 5 of the indictment.

In his argument, appellant directs this court's attention to the fact that the trial court actually limits the basis for its decision concerning joinder to the common scheme or plan provision of Rule 13.3(a)(3), Rules of Criminal Procedure. He argues that the record supports the position that the two incidents were not part of a common scheme or plan. He further argues that he is prejudiced by the fact that the jury, faced with the testimony of a second victim, concluded that he is a "bad man."

The appellant must demonstrate a clear abuse of discretion with respect to the trial court's decision to join the offenses, "based on the showing at the time the motion is made and not what ultimately transpires at the trial. *State v. Goodyear,* 100 Ariz. 244, 413 P.2d 566 (1966)." *State v. Clayton,* 109 Ariz. 587, 514 P.2d 720 (1973). Severance shall be granted upon motion of a party if it "is necessary to promote a fair determination of the guilt or innocence of any defendant of any offense, . . . ." Rule 13.4(a), Rules of Criminal Procedure. Severance will also be granted if the court detects "the presence or absence of unusual features of the crimes or cases that might prejudice the defendant." *State v. Williams,* 108 Ariz. 382, 499 P.2d 97 (1972).

The record as it existed at the time of appellant's motion to sever contains several facts common to the two incidents. The appellant offered a ride to each victim, using the same automobile. In each instance he drove to approximately the same location where he beat each victim and forced them to commit the alleged acts. Finally, appellant told each victim his first name and gave them a ride home. These facts provide a sufficient basis for the trial court's decision to join the offenses charged. Rule 13.3(a) allows the "joinder of offenses which are of the same or similar character whether or not they are part of a single plan." Comment to Rule 13.3(a), Rules of Criminal Procedure. The phrase "common scheme or plan" as employed in Rule 13.3(a) bears the same meaning as "common scheme or plan" used in the context of the exception to the rule against the use of evidence in one prosecution tending to prove the commission of a crime distinct and independent of the one for which the accused is on trial. The rationale adopted by this court in *Taylor v. State,* 55 Ariz. 13, 97 P.2d 543 (1940), with respect to the admission of evidence of prior rapes, applies to the question of joinder of offenses: "in the case of rape, either statutory or forcible, evidence of similar offenses which shows that in the commission of the offense the accused used a system or plan, tends . . . to establish the act charged, . . . ."

The next issue on appeal relates to the admission of testimony by Dallas and Margaret Reichelt, two witnesses that were not made available for purposes of discovery prior to trial. Appellant made a proper motion before trial to take the deposition of Ann Dallas for the purpose of pre-

**216**

paring an adequate defense. The witness was not available since she had moved to Boston, Massachusetts. The trial court granted appellant's request to take Dallas' deposition, and appellant did so on November 26, 1974, the day prior to the commencement of the trial.

During the course of the deposition of Ann Dallas, appellant discovered that Margaret Reichelt would be called as a witness. Appellant was given an opportunity, after proper objection, to depose this witness.

 No further objection was made to the testimony of either Dallas or Reichelt after appellant deposed these witnesses. He did not ask for a continuance nor did he object to their testimony at trial. "The failure to make prompt objection so that the matter can be immediately remedied, if need be, constitutes a waiver of any right of review on appeal. *State v. Settle*, 111 Ariz. 394, 531 P.2d 151 (1975)." *State v. Miller*, 112 Ariz. 95, 537 P.2d 965 (1975). Appellant's failure to object after the deposition of each witness constituted a waiver on appeal of the objection to the admissibility of their testimony on that basis.

Appellant's next argument concerns certain testimony given by Margaret Reichelt. Reichelt testified that Ann Dallas called her by telephone on September 4, 1974, immediately after the alleged rape, and said "Maggie, I've been raped." Appellant made an objection prior to this testimony, on the grounds that it constituted hearsay. The state argued that the statement fit within the excited utterance exception to the rule against hearsay. Appellant's objection was overruled.

This court will not reverse the trial court's ruling under the excited utterance exception to the hearsay rule absent a clear abuse of discretion. *State v. Kevil*, 111 Ariz. 240, 527 P.2d 285 (1974). We hold that there was no abuse of discretion on the part of the trial court. The utterance occurred after a startling event, the words were spoken soon after the event, and the utterance related to the event.

Appellant's final argument questions the constitutionality of ARS § 13–652. This court's decision in *State v. Bateman/State v. Callaway*, 113 Ariz. 107, 547 P.2d 6 (1976), is dispositive of this issue.

Judgments and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.