581 P.2d 231

**STATE of Arizona, Appellee,**

v.

**Donald Paul TIPTON, aka Raymond Tipton, Appellant.**

**No. 4183.**

Supreme Court of Arizona,
In Banc.

June 12, 1978.

Rehearing Denied July 18, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

A jury found Donald Paul Tipton, aka Raymond Tipton, guilty of robbery and attempted robbery. He appealed these convictions and we have taken jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, rule 47(e).

At approximately 8:00 p. m. on January 23, 1977, a lone robber held-up a self-service gas station in North-Central Phoenix. The gas station attendant later identified appellant as the perpetrator. According to the attendant, appellant drove in and requested some cigarettes. Appellant followed the victim into the office, and, with his right hand inside his coat pocket, pointed the pocket as if it contained a gun and demanded money. After taking the available cash, appellant drove away. On the following evening, appellant attempted to rob another self-service gas station in Northern Phoenix. On this occasion he appeared on foot and requested to use the men's room which required a key. When he returned the key, he again placed his right hand in his coat pocket as if he possessed a gun. He threatened to "blow away" the attendant if he didn't obtain all the money at the station. The arrival of some customers interrupted this robbery, however appellant remained at the station since the attendant promised to turn over the money as soon as the customers left. About the time that the attendant was receiving the payment from the last customer, a police patrol car approached along the adjoining road. The attendant ran to the roadway, hailed the policeman who then arrested appellant on the spot.

Appellant asserts two errors as grounds for reversal of his conviction: (1) that the trial court abused its discretion by consolidating both crimes in a single trial; and (2) that the justice of the peace improperly amended the complaint at the conclusion of the preliminary hearing.

### Consolidation of the Charges

Prior to the trial, the state moved to consolidate the two charges against appellant pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 13.3(a)(1, 2, and 3), which provides:

"Offenses. Provided that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information, or complaint, if they:

"(1) Are of the same or similar character; or

"(2) Are based on the same conduct or are otherwise connected together in their commission; or

"(3) *Are alleged* to have been a part of a common scheme or plan." (Emphasis added.)

Despite appellant's opposition to the state's motion, the trial court consolidated the two charges for trial. Following court's decision, appellant moved to sever the charges pursuant to 17 A.R.S., Rules of Criminal Procedure, rule 13.4(b) which states, "The defendant shall be entitled as of right to sever offenses joined only by virtue of rule 13.3(a)(1)". The court denied

**388**

this motion, and the two charges were tried together.

Generally, a trial court possesses broad discretion in the area of joinder and severance. *State v. Brewer,* 26 Ariz.App. 408, 549 P.2d 188 (1976); 17 A.R.S., Rules of Criminal Procedure, rule 13.4, comment; A.B.A. Standards Relating to Joinder and Severance, pts. I and II (1968). This discretion is limited by rule 13.4(b) which grants a defendant the "right to sever offenses joined only by virtue of rule 13.3(a)(1)"—crimes of the same or similar character. Accordingly, if the charges were joined only because of the authority granted in rule 13.3(a)(1), the trial court erred in denying appellant's motion to sever the charges.

In reviewing this issue, we examine the facts as of the time the motion was made rather than in the light of what subsequently transpired at the trial. *State v. Dale,* 113 Ariz. 212, 550 P.2d 83 (1976). In its motion to consolidate the charges and in its opposition to appellant's motion to sever, the state relied on all three provisos of rule 13.3(a). Although we do not believe rule 13.3(a)(2) [1] is applicable, rule 13.3(a)(3) warrants further consideration. Rule 13.3(a)(3) has been held to be "coextensive with the 'common scheme or plan' exception to the rule against using evidence in one prosecution tending to prove the commission of another distinct and independent crime". *State v. Henderson,* 116 Ariz. 310, 316, 569 P.2d 252, 258 (App.1977); *State v. Dale, supra.*

In order for two crimes to be classified as a common plan or scheme it is not necessary for the crimes to have been perpetrated in an absolutely identical manner, *State v. Akins,* 94 Ariz. 263, 383 P.2d 180 (1963), so long as the court perceives a visual connection between the two crimes. *State v. Moore,* 108 Ariz. 215, 495 P.2d 445 (1972). The crimes here charged arose from a robbery and an attempted robbery of two self-service gas stations, at approximately

the same time on consecutive evenings. On both occasions appellant initiated contact with the lone attendant by requesting innocuous items. He then placed his right hand in his coat pocket, simulated the presence of a gun and demanded money. This parallel conduct coupled with the closeness in time and location of the crimes supplied an adequate foundation, at the time of the rulings, for the joinder requirement of rule 13.3(a)(3), that the crimes "are alleged to have been a part of a common scheme or plan". *See, e. g., State v. Akins,* 94 Ariz. 263, 383 P.2d 180 (1963); *State v. Jones,* 26 Ariz.App. 68, 546 P.2d 45 (1976); *People v. Hill,* 66 Cal.2d 536, 58 Cal.Rptr. 340, 426 P.2d 908 (1967); *Avis v. State,* 221 So.2d 235 (Fla.App.1969).

Having concluded that joinder was warranted pursuant to rule 13.3(a)(3) as well as subsection (a)(1), we hold that appellant was not entitled as of right to a severance pursuant to rule 13.4(b). Therefore we find no abuse of discretion in the consolidated trial of these two crimes. *State v. Williams,* 108 Ariz. 382, 499 P.2d 97 (1972).

### Amended Complaint

Appellant's second point of contention concerns the amendment of the attempted robbery complaint. Following the preliminary hearing on this matter, the justice of the peace struck the allegation, "while armed with a deadly weapon; to wit: a knife," from the charge of attempted robbery. Appellant claims this action violated 17 A.R.S., Rules of Criminal Procedure, rule 5.4(b) which states:

"Amendment of Complaint. The complaint may be amended at any time to conform to the evidence, but the magistrate shall not hold the defendant to answer for a crime different from that charged in the original complaint."

We find no error in the striking of the words "while armed with a deadly weapon * * *". Currently in Arizona, there is but one crime of robbery which is

---

1. Rule 13.3(a)(2) permits joinder if the crimes "are based on the same conduct or are otherwise connected together in their commission".

defined as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear". A.R.S. § 13–641. The Legislature has prescribed an increased punishment for the crime of robbery if it is perpetrated with a gun or deadly weapon. A.R.S. § 13–643(B). This section which only governs the punishment to be meted out to a robber does not *ipso facto* divide the crime of robbery into multiple separate crimes. *State v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965); *Roulston v. State,* 307 P.2d 861 (Okl.App.1957). Appellant's second contention, therefore, is without merit.

Examining the facts as of the time the two charges were consolidated, we were able to perceive a visual connection between the crimes, which supported the state's allegation that both crimes were part of a common scheme or plan. Because of this, the crimes were properly joined pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 13.3(a)(3), and appellant was not entitled to severance as of right, as provided by rule 13.4(b). Therefore, we found no abuse of discretion in this matter. We also rejected the appellant's second contention that the justice of the peace improperly amended the complaint, because appellant was not charged with a different crime.

The judgment of the superior court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.