603 P.2d 94

**STATE of Arizona, Appellee,**

v.

**Reynolds Heath JACKSON, Appellant.**

**No. 4479–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 29, 1979.

---

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Gregory A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

GORDON, Justice:

Reynolds Heath Jackson, hereinafter referred to as the defendant, petitions this Court to review the Court of Appeals' decision in *State v. Jackson*, 124 Ariz. 206, 603 P.2d 98 (App.1978). Taking jurisdiction pursuant to A.R.S. § 12–120.24 and 17A A.R.S., Rules of the Supreme Court, Rule 47(b), we vacate the opinion of the Court of Appeals.

Defendant was convicted of rape, child molesting, burglary and lewd and lascivious acts. On appeal to the Court of Appeals, defendant challenged (1) the sufficiency of the evidence in the rape and burglary charges, (2) the trial court's refusal of defendant's jury instruction on child molesting and (3) the admission of evidence of unrelated bad acts. The Court of Appeals found no error and affirmed defendant's convictions and sentences. We approve the Court of Appeals' treatment of issues (1) and (2). We disagree with the decision of the Court of Appeals on issue (3), but we find that the admission of evidence was harmless error and, therefore, affirm the judgment of the trial court.

The defendant contends that it was error to admit testimony concerning a 1976 incident in which he was apprehended after entering a woman's apartment. The

present charges against the defendant arose out of three separate incidents that occurred during February, 1974, in Tucson, Arizona.

■ Evidence that a defendant had committed certain bad acts, other than those for which he is on trial, is usually inadmissible. *State v. Rose*, 121 Ariz. 131, 589 P.2d 5 (1978). Other crimes or wrongful acts of the defendant are, however, admissible to show the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. 17 A.R.S., Rules of Evidence, Rule 404(b). The trial court instructed the jury that evidence of the 1976 incident was admitted for the sole purpose of showing a modus operandi of the defendant or to prove the identity of the perpetrator of the crimes for which the defendant was on trial. We conclude that the circumstances surrounding the 1976 and the 1974 events were not sufficiently similar to prove the identity of the perpetrator.

■ The modus operandi exception to the rule that evidence of other bad acts is inadmissible has two aspects. A separate act with a similar modus operandi may indicate that the defendant, in the act for which he is on trial, was carrying out a common plan or scheme. *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), *cert. denied*, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975); *State v. Moore*, 108 Ariz. 215, 495 P.2d 445 (1972); *State v. Akins*, 94 Ariz. 263, 383 P.2d 180 (1963). An unrelated bad act with a similar modus operandi may also be admissible to identify the defendant as the one who committed the crime for which he is being tried. *State v. Moore, supra.*

■ When utilizing the common scheme exception, the basic test for admissibility is that "[s]imilarities between the offenses * * * must be in those important aspects where normally there could be expected to be found differences." *State v. Akins*, 94 Ariz. at 266, 383 P.2d at 182–83. Logically, this test should also apply to the admission of evidence under the identity exception. Moreover, in determining admissibility, a court must also consider differences between the acts as well as similarities. In the instant case both similarities and differences appear.

■ There are several basic similarities between the three 1974 incidents for which defendant was tried and the unrelated 1976 incident. The four incidents all occurred in the daytime, in apartment complexes located in the same general area of Tucson. In each incident, the perpetrator entered a woman's unlocked apartment shortly after he had the opportunity to observe the woman enter or leave the apartment alone.

There are also important differences between the circumstances of the 1974 events and the unrelated 1976 occurrence. The three incidents for which defendant was tried occurred within fifteen days of each other in 1974, but the unrelated act occurred in July 1976, nearly two and one-half years later. The record definitely indicates that in one instance in 1974, the perpetrator entered his victim's apartment after she had entered. In the other two 1974 incidents the record supports an inference that the perpetrator also entered after his victim. The record shows that in 1976, defendant entered a woman's apartment shortly after she had left it. Although she returned soon after leaving, the record does not indicate that defendant may have been aware that she would soon be returning.

The most significant area of distinction between the 1974 incidents and that in 1976 concerns the behavior of the intruder inside of the apartments. In 1974 each victim was attacked shortly after she entered her apartment. Moreover, each attack was characterized by the use of force and some form of overt sexual behavior. By contrast, in the 1976 incident, the woman did not confront defendant in her apartment until several minutes after she had entered, and defendant had no physical contact with the woman. Indeed, when she attempted to flee, he stepped aside so she could pass by, and he made no attempt to stop her while she opened two locked doors in order to leave. In 1974, the attacker pursued one of his victims when she attempted to flee and forcibly prevented her escape.

We find that, despite the similarities between the 1974 acts and the unrelated 1976 act, the differences appearing in certain important aspects of the latter act are great enough to preclude its admissibility under the modus operandi exception.

We also conclude, however, that the error was harmless. All three of the 1974 victims made positive identifications of the defendant. Moreover, it is unlikely that the jury was prejudiced or outraged by the facts of the 1976 incident. Unlike the three incidents for which the defendant was on trial, the 1976 incident did not involve a sexual assault or an attempted sexual assault. Furthermore, the jury was instructed that it could not find the defendant guilty of the crimes charged merely because it thought him guilty of some other crime. Therefore, because of the overwhelming evidence of the defendant's guilt presented by positive eye-witnesses, and the comparatively innocent circumstances surrounding the bad act evidence, any error that occurred was harmless.

The opinion of the Court of Appeals is vacated. The convictions and sentences of the defendant are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.