29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David W. JAMISON, Petitioner-Appellant,
v.
Samuel A. LEWIS, et al., Respondents-Appellees.
 No. 93-16084.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David W. Jamison, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions for sexual assault, aggravated assault and kidnapping of Karen Midgette, and for simple assault of Joella McKune. Jamison claims that he was denied his: (1) Sixth Amendment right to effective assistance of counsel at trial; and (2) due process rights when the district court granted respondents' motions for extensions of time.[1] We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 1. Ineffective assistance of counsel
 
 3
 To obtain relief from a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 (a) Failure to move to sever the charges
 
 
 5
 Jamison's first ineffective assistance claim is based on his trial attorney's apparent failure to move to sever the counts involving victims Joella McKune and Karen Midgette. This claim lacks merit.
 
 
 6
 Under Ariz.R.Crim.P. 13.3, offenses involving more than one victim may be joined if they are of the same or similar character. See Ariz.R.Crim.P. 13.3(a)(1). Charges may be tried jointly if a "visual connection" between the crimes exists. State v. Tipton, 581 P.2d 231, 233 (1978). Such charges do not have to be committed in an identical manner, but similarities must exist where one would ordinarily expect to find differences. State v. Day, 715 P.2d 743, 746 (1986).
 
 
 7
 Here, at separate times within a nine-day period in July 1982, Jamison invited McKune and Midgette to his trailer upon an innocent pretext, battered them and then had vaginal intercourse, anal intercourse, and oral sex with each woman. Jamison also threatened each woman with a knife, and then threatened them with further harm if they called the police. Thus, because of the similarities in his treatment of the two victims, Jamison's counsel had no basis to move to sever the charges. See Ariz.R.Crim.P. 13.3(a)(1); Day, 715 P.2d at 746; Tipton, 581 P.2d at 233. Therefore, in light of all the circumstances, counsel's failure to move for a severance does not fall outside the wide range of professional competence. See Strickland, 466 U.S. at 689. Moreover, even if counsel should have moved to sever the charges, the fact that the jury acquitted Jamison of kidnapping and sexually assaulting McKune suggests that the jury was able to compartmentalize the evidence, and not let the evidence regarding the crimes against one victim influence its consideration of the crimes against the other victim. Therefore, defense counsel's failure to move to sever the charges did not render the proceeding fundamentally unfair or unreliable or cause a different outcome. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 8
 (b) Failure to investigate victim's background
 
 
 9
 Jamison's second ineffective assistance claim is based on his trial attorney's apparent failure to investigate Karen Midgette's background, which would have allegedly produced evidence that she had been involved in prostitution. This claim lacks merit.
 
 
 10
 In order to prevail on an allegation that defense counsel conducted an insufficient investigation resulting in ineffective assistance, the petitioner must show specifically what that investigation would have produced. United States v. Grewal, 825 F.2d 220, 223 (9th Cir.1987); United States v. Hamilton, 792 F.2d 837, 839 (9th Cir.1986).
 
 
 11
 Jamison fails to present any specific evidence to support his claim that Midgette was involved in prostitution. Therefore, his claim that his counsel conducted an insufficient investigation is without merit. See Grewal, 825 F.2d at 223; Hamilton, 792 F.2d at 839.
 
 
 12
 (c) Failure to object to testimony
 
 
 13
 Jamison's third ineffective assistance claim is based on his trial attorney's failure to object to arresting Officer Clark's testimony about the statistics of raped women who do not report the crime. This claim lacks merit.
 
 
 14
 Officer Clark's testimony regarding unreported rapes related to victim Joella McKune, who did not immediately report Jamison's assault. Clark's testimony was irrelevant to Karen Midgette because she reported her assault immediately. Thus, because the jury acquitted Jamison of sexually assaulting McKune, his claim that he was prejudiced by his counsel's failure to object to rape statistics is without merit. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 15
 (d) Failure to object to the prosecutor's leading questions
 
 
 16
 Jamison's final ineffective assistance claim is based on his trial attorney's failure to object to the prosecutor's leading and repetitive questions while examining the victims. This claim lacks merit.
 
 
 17
 Although the trial court record shows that the prosecutor asked many leading and repetitive questions when he examined the victims, Jamison fails to show that the testimony would have been inadmissible if elicited through non-leading questions or that subsequent repetitive questions would have added to the jurors' knowledge. Thus, had Jamison's counsel objected to the manner in which the prosecutor elicited questions from the victims, the prosecutor would have simply rephrased the questions.
 
 3. Due process violation
 
 18
 Jamison contends that the district court violated his due process rights by granting respondents' motions for extensions of time to file a response, arguing that the district court should have entered a default judgment against respondents when they did not timely respond. This contention lacks merit.
 
 
 19
 The district court in a habeas proceeding brought by a state prisoner has the discretion to grant the state an extension of time to answer beyond of the 40-day limit of Fed.R.Civ.P. 81(a)(2). Clutchette v. Rushen, 770 F.2d 1469, 1473-74 (9th Cir.1985), cert. denied, 475 U.S. 1088 (1986). A party requesting additional time to file a pleading or motion must show "good cause." Fed.R.Civ.P. 6(b). Therefore, because the district court found that the respondents showed good cause for every extension it granted, Jamison's due process claim is deficient. See Fed.R.Civ.P. 6(b), 81(a)(2); Clutchette, 770 F.2d at 1473-74.
 
 
 20
 Accordingly, the district court did not err in denying Jamison Sec. 2254 petition.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jamison also claims that the district court erred by failing to consider "newly discovered evidence." Because Jamison failed to raise this claim in his petition for writ of habeas corpus, this court may not consider this claim. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987) (this court may not consider facts or issues not presented to the district court when reviewing a district court's denial of a 28 U.S.C. Sec. 2254 petition for writ of habeas corpus)
 Jamison makes no contention on appeal regarding his prosecutorial misconduct claim.