NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL PATRICK AUMILLER, *Appellant.*

No. 1 CA-CR 14-0748
FILED 12-22-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-441534-001
The Honorable Joseph C. Welty, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Craig W. Soland
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

**H O W E**, Judge:

¶1        Daniel Patrick Aumiller appeals his convictions and sentences for second-degree murder and misconduct involving weapons. He argues that the trial court erred in denying his motion to sever the two offenses. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        One day, Aumiller told the victim over the phone to come to his house where he would "kick [the victim's] ass." The victim responded with the same threat. Ten minutes later, the victim, his girlfriend, and another man drove to Aumiller's house. When they arrived, the victim knocked on the front door, yelling for Aumiller.

¶3        Because Aumiller did not respond, the victim began walking towards the car with his hands in the air, explaining to the others that Aumiller was not coming out. Aumiller yelled something from inside the house, the victim turned around, and Aumiller shot the victim in the neck through the front screen door. The victim died immediately.

¶4        Aumiller then hid the rifle in his bedroom closet and fled on his bicycle. The police later spotted him riding his bicycle and arrested him.

---

[1]        In Aumiller's opening brief, counsel does not present a coherent narrative of the facts of the case that are relevant to the issue raised on appeal, but merely transcribes in summary fashion each and every witness's testimony in the order that each witness was called to testify, regardless whether the testimony is relevant. Such a brief-writing technique is not helpful in resolving this or any other appeal and is strongly discouraged. *See* Ariz. R. Crim. P. 31.13(c)(1)(iii) (providing that an appellant's brief shall include "[a] statement of facts *relevant to the issues presented for review*, with appropriate references to the record. *The statement shall not contain evidentiary matter unless material to a proper consideration of the issues presented. . . .*") (emphasis added).

At the time of the shooting, Aumiller was prohibited from possessing firearms because he was a convicted felon.

¶5          The State charged Aumiller with first-degree murder and misconduct involving weapons. Before trial, Aumiller moved to sever the counts pursuant to Arizona Rule of Criminal Procedure 13.4(a). Aumiller argued that, absent severance, he would be denied a fair trial because the State would necessarily introduce evidence showing that he was a convicted felon at the time he shot the victim. The trial court denied the motion, concluding that the murder and weapons charges arose out of the same conduct and were connected together. After the jury was empaneled and before opening statements, Aumiller unsuccessfully renewed his severance request.

¶6          The State introduced evidence of two of Aumiller's prior felony convictions—sanitized so that the jurors would not be aware of the offenses' nature—and evidence that he did not seek restoration of his civil rights. After the State rested, Aumiller again unsuccessfully renewed his motion to sever. Aumiller testified that he shot the victim in self-defense after retrieving the rifle from his bedroom. He admitted to possessing the rifle several months before the shooting. Aumiller also admitted that he had two prior felony convictions and that he was prohibited from possessing a firearm at the time of the shooting. Before resting, Aumiller moved for a mistrial based on the court's denial of his severance motion. The court denied the motion.

¶7          The jurors found Aumiller guilty of misconduct involving weapons and the lesser-included offense of second-degree murder. The trial court sentenced him to concurrent terms of 24 years' imprisonment for the murder conviction and 10 years' imprisonment for the weapons conviction. Aumiller timely appealed.

## DISCUSSION

¶8          Aumiller argues that the trial court erred in denying his motion to sever the charges, relying on *State v. Burns*, 237 Ariz. 1, 344 P.3d 303 (2015), a supreme court decision decided after the trial court sentenced him. We review the trial court's denial of a motion to sever for an abuse of discretion and "reverse only if a defendant can show compelling prejudice against which the trial court was unable to protect." *Id.* at 13–14 ¶ 29, 344 P.3d at 315–16. Although the trial court erred by not granting Aumiller's motion to sever the murder and weapons charges, the error was harmless.

¶9 The State may join charges if they are charged in separate counts and are of the "same or similar character," are "based on the same conduct or are otherwise connected together in their commission," or are "alleged to have been part of a common scheme or plan." Ariz. R. Crim. P. 13.3(a). But a trial court, either on its own initiative or by motion, must sever joined charges if severance is "necessary to promote a fair determination of guilt or innocence . . . of any offense." Ariz. R. Crim. P. 13.4.

¶10 Here, Aumiller argues that the trial court should have severed his murder and weapons charges. Our supreme court has addressed an identical issue in *State v. Burns* and concluded that the trial court was required to sever a weapons charge from kidnapping, sexual assault, and murder charges. *See Burns*, 237 Ariz. at 14 ¶ 34, 344 P.3d at 316. The court reasoned that trying the weapons charge with the other charges permitted the jurors to hear, during the trial's guilt phase, evidence of the defendant's prior felony convictions that would not have been otherwise been heard. *Id.* at ¶¶ 34–35. The court also stated that "[b]ut for joinder of the [weapons] charge, the evidence of Burns' prior felony convictions would not have been admissible during the guilt phase [because] Burns did not testify at trial, and any attempt to introduce the convictions would have been impermissible character evidence." *Id.* at ¶ 35. However, our supreme court concluded that the trial court's error was harmless because (1) the evidence of the defendant's guilt was overwhelming; (2) the State did not emphasize his convictions during closing argument, mentioning them only in the context of the weapons charge; and (3) nothing in the record indicated that the jurors considered the defendant's convictions in contravention of the guilt-phase jury instructions. *Id.* at 15 ¶ 38, 344 P.3d at 317.

¶11 Pursuant to *Burns*, the trial court here abused its discretion in denying Aumiller's severance motion, but like in *Burns*, the error was harmless.[2] *See State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993) (providing that error is harmless if this Court can determine beyond a reasonable doubt that it would not have affected the verdict). First, overwhelming evidence established Aumiller's guilt. The record shows that he admitted to shooting the victim and fleeing the scene without first calling police or rendering aid, thereby undercutting his claim of self-defense. Most

---

[2] The State unpersuasively attempts to distinguish *Burns* because Aumiller testified while Burns did not. The propriety of a trial court's denial of a severance motion is determined "based on the showing at the time the motion is made and not what ultimately transpires at the trial." *State v. Dale*, 113 Ariz. 212, 215, 550 P.2d 83, 86 (1976). The record shows that Aumiller had not yet testified when the court denied his pre-trial motion to sever.

significantly, Aumiller admitted that he was a convicted felon and a prohibited possessor. Second, the State did not mention Aumiller's prior convictions during opening statements and only referred to them once during closing argument in the context of the weapons charge.

¶12　　　　Third, the trial court instructed the jurors (1) to consider the counts separately with respect to whether the State proved each beyond a reasonable doubt and (2) to not consider Aumiller's prior felony convictions as evidence of guilt relating to the murder charge. *See State v. Prince*, 204 Ariz. 156, 160 ¶ 17, 61 P.3d 450, 454 (2003), *supplemented by* 206 Ariz. 24, 75 P.3d 114 (2003) (finding no prejudice resulting from denial of severance motion where jury is instructed to consider each offense separately and advised that each must be proven beyond a reasonable doubt); *Burns*, 237 Ariz. at 14–15 ¶ 37, 344 P.3d at 316–17 (finding similar instruction alone insufficient to cure prejudice resulting from erroneously joined weapons charge, but sufficient to cure prejudice when combined with overwhelming evidence of guilt, the State's arguments, and nothing in the record indicating that jurors considered the convictions during the guilt phase). We presume the jurors followed these instructions, and nothing in the record indicates otherwise. *State v. Newell*, 212 Ariz. 389, 403 ¶ 68, 132 P.3d 833, 847 (2006). Finally, nothing in the record shows that the jurors otherwise improperly considered Aumiller's prior felony convictions to reach its verdict on the murder charge. *See Burns*, 237 Ariz. at 15 ¶ 38, 344 P.3d at 317.

¶13　　　　Aumiller also argues that he was entitled to severance based on the purported lack of cross-admissibility of evidence supporting the two offenses. A defendant is entitled to severance as a matter of right if Rule 13.3(a)(1) is the only basis for a joint trial, unless the evidence of the other offenses would be admissible were the offenses to be tried separately. Ariz. R. Crim. P. 13.4(b). But because Rule 13.3(a)(2) was the basis for joining the charges here, we reject Aumiller's argument. Consequently, the record shows that the trial court's failure to sever the weapon charge did not affect the jurors' verdicts or sentences. Accordingly, although the trial court erred in denying Aumiller's motion to sever, the error was harmless.

## CONCLUSION

¶14  For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama