IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**JERRY CHARLES HOLLE,**
*Appellant.*

---

No. CR-15-0348-PR
Filed September 13, 2016

---

Appeal from the Superior Court in Pima County
The Honorable Richard D. Nichols, Judge
No. CR20131185-001
**AFFIRMED**

Opinion of the Court of Appeals, Division Two
238 Ariz. 218, 358 P.3d 639 (App. 2015)
**VACATED**

---

COUNSEL:

Mark Brnovich, Arizona Attorney General, John R. Lopez IV, Solicitor General, Joseph T. Maziarz, Section Chief Counsel, Criminal Appeals Section, Diane L. Hunt (argued), Assistant Attorney General, Tucson, Attorneys for State of Arizona

Steven R. Sonenberg, Pima County Public Defender, David J. Euchner, Erin K. Sutherland (argued), Assistant Public Defenders, Tucson, Attorneys for Jerry C. Holle

Mikel Steinfeld (argued), Arizona Attorneys for Criminal Justice, Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

---

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in which JUSTICES TIMMER and BOLICK joined, and CHIEF JUSTICE BALES and JUSTICE BRUTINEL dissented in part and concurred in the result.

———————————

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

**¶1** Under A.R.S. § 13-1407(E), "[i]t is a defense to a prosecution" for sexual abuse or child molestation "that the defendant was not motivated by a sexual interest." We hold that lack of such motivation is an affirmative defense that a defendant must prove, and thus the state need not prove as an element of those crimes that a defendant's conduct was motivated by a sexual interest.

**I.**

**¶2** We view the evidence and all reasonable inferences in the light most favorable to sustaining the jury's verdicts. *State v. Cropper*, 205 Ariz. 181, 182 ¶ 2, 68 P.3d 407, 408 (2003). Jerry Charles Holle's eleven year-old step-granddaughter, M., told a friend and then the police that Holle had inappropriately touched and kissed her. The State charged Holle with sexual abuse of a minor under age fifteen, A.R.S. § 13-1404; sexual conduct with a minor, A.R.S. § 13-1405; and child molestation, A.R.S. § 13-1410.

**¶3** Before trial, Holle asked the court to instruct the jury that the State must prove beyond a reasonable doubt sexual motivation as an element of the sexual abuse and child molestation charges. He argued that imposing the burden on him to prove lack of sexual motivation would violate his due process rights. Relying on *State v. Simpson*, 217 Ariz. 326, 173 P.3d 1027 (App. 2007), the trial court disagreed, ruling that under § 13-1407(E) a defendant must prove a lack of sexual motivation by a preponderance of the evidence. The court instructed the jurors to that effect at the close of trial and also instructed them on the elements of the charged offenses, including the statutory definition of "sexual contact," A.R.S. § 13-1401(A)(3).

**¶4** At trial, Holle argued that the allegations against him were "blown out of proportion" and that he had always engaged in sexually normal behavior. Holle's two daughters testified that he never sexually assaulted them or any other children. Other relatives likewise testified about Holle's sexual normalcy. Early in its deliberations, the jury submitted the following question: "For these accusations to be a crime, must there be sexual intent proven?" The trial court told the jurors to follow the instructions they previously had been given.

**¶5** The jury found Holle guilty of child molestation and sexual abuse of a minor under age fifteen but was unable to reach a verdict on the charge of sexual conduct with a minor (the trial court, at the State's request, later dismissed that charge with

prejudice). The court sentenced Holle to a ten-year prison term for molestation, followed by a five-year term of probation for sexual abuse.

¶6        The court of appeals concluded that the trial court erred in instructing the jury that Holle bore the burden of proving "his conduct was not motivated by a sexual interest." *State v. Holle*, 238 Ariz. 218, 226 ¶ 26, 358 P.3d 639, 647 (App. 2015). Disagreeing with *Simpson*, 217 Ariz. at 326 ¶ 19, 173 P.3d at 1030, the court held that "§ 13-1407(E) is a defense but not an affirmative defense." *Holle*, 238 Ariz. at 226 ¶¶ 25–26, 358 P.3d at 647. Rather, the court stated, if a defendant charged with sexual abuse or child molestation "satisfies the burden of production to raise the defense listed under § 13-1407(E), then the state must prove beyond a reasonable doubt that the defendant's conduct was motivated by a sexual interest." *Id.* at ¶ 26. Because the record reflected "overwhelming evidence that Holle's conduct was motivated by a sexual interest," however, the court of appeals found that the trial court's instructional error was harmless and therefore affirmed. *Id.* at 227–28 ¶¶ 31–32, 358 P.3d at 648–49.

¶7        Holle petitioned for review regarding the court of appeals' finding of harmless error, and the State filed a cross-petition for review regarding the court's application of § 13-1407(E). We granted both petitions to resolve a split of authority between *Simpson* and the court of appeals' opinion in this case. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶8        We review questions of statutory interpretation and constitutional issues de novo. *State v. Dann*, 220 Ariz. 351, 369 ¶ 96, 207 P.3d 604, 622 (2009). We also review de novo "whether jury instructions correctly state the law." *State v. Bocharski*, 218 Ariz. 476, 487 ¶ 47, 189 P.3d 403, 414 (2009).

¶9        In Arizona, "[a]ll common law offenses and affirmative defenses [have been] abolished." A.R.S. § 13-103(A). The legislature is empowered to define what constitutes a crime in this state and to prescribe the punishment for criminal offenses. *State v. Bly*, 127 Ariz. 370, 371, 621 P.2d 279, 280 (1980); *see State v. Casey*, 205 Ariz. 359, 363 ¶ 15, 71 P.3d 351, 355 (2003) (superseded by statute, A.R.S. § 13-205(A)) (the legislature, not the judiciary, has "constitutional authority to define crimes and defenses"); *State v. Viramontes*, 204 Ariz. 360, 362 ¶ 12, 64 P.3d 188, 190 (2003) ("It is not our place to pass on the wisdom of" legislative decisions concerning criminal procedure). This power also extends, at least within constitutional bounds, to defenses. *Cf. State v. Mott*, 187 Ariz. 536, 540–41, 931 P.2d 1046, 1050–51 (1997) (the legislature decides whether "to adopt the defense of diminished capacity" and the "Court does not have the authority" to do so).

¶10        Criminal statutes must "give fair warning of the nature of the conduct proscribed." A.R.S. § 13-101(2). And "[p]enal statutes shall be construed according to

the fair import of their terms, with a view to effect their object and to promote justice." A.R.S. § 1-211(C).

¶11       When interpreting a statute, we start with the text because it is the most reliable indicator of a statute's meaning. *State v. Christian*, 205 Ariz. 64, 66 ¶ 6, 66 P.3d 1241, 1243 (2003). When the text is clear and unambiguous, we need not resort to other methods of statutory interpretation to discern the legislature's intent because "its intent is readily discernable from the face of the statute." *Id.*; *see also Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16, 295 P.3d 421, 425 (2013) (if a statute's language is clear, "it controls unless an absurdity or constitutional violation results").

**A.**

¶12       Holle was convicted of child molestation and sexual abuse. The child molestation statute, A.R.S. § 13-1410(A), provides: "A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age." The sexual abuse statute, A.R.S. § 13-1404(A), provides: "A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person who is fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast."

¶13       Both statutes require "sexual contact" that the defendant "intentionally or knowingly engag[ed] in." A.R.S. §§ 13-1404(A), -1410(A). "Sexual contact" is defined as "any direct or indirect touching, fondling or manipulating of any part of the genitals, anus or female breast by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13-1401(A)(3). "Intentionally" means "with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct." A.R.S. § 13-105(10)(a). And "knowingly" means "with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13-105(10)(b).

¶14       Section 13-1407(E) sets forth a defense to child molestation and sexual abuse:

> It is a defense to a prosecution pursuant to § 13-1404 or 13-1410 that the defendant was not motivated by a sexual interest. It is a defense to a prosecution pursuant to § 13-1404 involving a victim under fifteen years of age that the defendant was not motivated by a sexual interest.

4

**B.**

**1.**

¶15        The court of appeals noted that, with the exception of *Simpson*, "sexual interest under § 13-1407(E) has always been treated as an 'element'" or as "a defense that the state must nevertheless disprove beyond a reasonable doubt." *Holle*, 238 Ariz. at 226 ¶ 25, 358 P.3d at 647. It therefore concluded that "sexual interest [under § 13-1407(E)] appears to be the type of defense that 'either denies an element of the offense charged or denies responsibility, including . . . lack of intent.'" *Id.* (quoting § 13-103(B)). Holle agrees and further contends that sexual motivation is an element of sexual abuse and molestation, requiring the state to prove that element beyond a reasonable doubt if the defendant raises the defense of lack of sexual motivation. "Because sexual motivation is what makes the conduct at issue criminal," Holle argues, "proof of that fact cannot be shifted onto the defendant," and any statute that purportedly does so "would violate due process." The State counters that, as *Simpson* held, a defendant's lack of sexual motivation under § 13-1407(E) "is clearly and unambiguously an affirmative defense on which the defense alone bears the burdens of proof and persuasion, and is *not* an element" of sexual abuse or child molestation.

¶16        The court of appeals' opinion in this case is premised on the court's determination that §§ 13-1404 and 13-1410 are ambiguous because those statutes are susceptible to more than one reasonable interpretation, including an interpretation that sexual motivation is an element of those offenses. *Holle*, 238 Ariz. at 222–23 ¶¶ 11, 13, 358 P.3d at 643–44. The court therefore "look[ed] beyond the statutes' language to determine their meaning." *Id.* at ¶ 13. We disagree with the court's underlying premise and approach, finding instead that the statutes are clear and unambiguous.

¶17        The plain text of §§ 13-1404(A) and 13-1410(A) defines all the elements of sexual abuse and child molestation. Both statutes identify the requisite "[c]ulpable mental state," § 13-105(10), "intentionally" or "knowingly," and describe the prohibited conduct, "sexual contact . . . ." A.R.S. §§ 13-1404, -1410. The statutes defining the crimes do not mention, imply, or require sexual motivation. *Cf. State v. Hunter*, 136 Ariz. 45, 50, 664 P.2d 195, 200 (1983) (discussing that motive is not an element of murder but that motive or lack of motive is a circumstance that may be considered in determining guilt or innocence). And although the definition of "sexual contact" is broad as it includes "*any* direct or indirect touching, fondling or manipulating" of another's private parts, it does not implicate the defendant's motivation. *See* A.R.S. § 13-1401(A)(3) (emphasis added).

¶18        Furthermore, sexual motivation is identified only in § 13-1407(E), which is part of a section titled "Defenses" that prescribes defenses to various sex crimes. *See State ex rel. Montgomery v. Harris*, 237 Ariz. 98, 102, ¶ 13, 346 P.3d 984, 988 (2014) (stating that

although statutory title headings are not part of the law, they can aid in its interpretation). On its face, this statute unambiguously refers to a defendant's lack of sexual motivation as a defense. We cannot reasonably interpret the language in § 13-1407(E) as negating an element of child molestation or sexual abuse, particularly when the statutes defining the crimes do not require the state to prove the defendant's motive; instead, §§ 13-1404(A) and 13-1410(A) require the state to prove that the defendant "intentionally" or "knowingly" engaged in "sexual contact" with certain aged children. *See State v. Getz*, 189 Ariz. 561, 564-65, 944 P.2d 503, 506-07 (1997) (rejecting the argument that defenses in § 13-1407 should be injected into the definition of sexual abuse in § 13-1404).

¶19        Holle nonetheless argues that sexual motivation is an element of child molestation and sexual abuse for two textual reasons. First, the phrase "sexual contact" in §§ 13-1404 and 13-1410 means that those statutes only prohibit contact related to having or involving sex. But the term "sexual contact" is statutorily defined and applies to "any direct or indirect touching . . . ." § 13-1401(A)(3). We must apply that term as defined by the legislature. Second, Holle asserts that the word "fondling" in the definition of "sexual contact," *id.*, suggests a sexual motive; therefore, the words "touching" and "manipulating" also include that same motive. That argument is unpersuasive because the phrase "touching, fondling or manipulating" in § 13-1401(A)(3) is modified by the word "any" and includes the word "touching," which is quite broad and comes before the more specific word "fondling." And the word "fondling" does not necessarily connote sexual interest. *Fondle*, *Webster's Third New International Dictionary* (3rd ed. 2002) ("to treat with doting indulgence" or "to handle tenderly, lovingly, or lingeringly"). In sum, the statutory scheme clearly and unambiguously identifies the elements of child molestation and sexual abuse, §§ 13-1410, -1404, does not include sexual motivation as an element the state must prove, and instead unequivocally identifies lack of sexual motivation as an affirmative defense, § 13-1407(E).

**2.**

¶20        The court of appeals held that "§ 13-1407(E) is a defense but not an affirmative defense." *Holle*, 238 Ariz. at 226 ¶ 26, 358 P.3d at 647. Again, we disagree.

¶21        A defendant in a criminal case can defend a charge by claiming that the state failed to prove all elements beyond a reasonable doubt. But Arizona's Criminal Code (A.R.S. Title 13) also establishes two categories of statutory defenses: (1) justification defenses, A.R.S. § 13-205(A); and (2) affirmative defenses, A.R.S. § 13-103(A). "Justification defenses describe conduct that, if not justified, would constitute an offense but, if justified, does not constitute criminal or wrongful conduct." A.R.S § 13-205(A). With justification defenses, if the defendant presents some evidence of the justification, the state bears the burden of proving "beyond a reasonable doubt that the defendant did not act with justification." *Id.*; *see State v. King*, 225 Ariz. 87, 89- 90 ¶¶ 6,

14–16, 235 P.3d 240, 242-43 (2010) (discussing that a defendant need only produce some evidence to be entitled to a justification instruction).

¶22        An affirmative defense is "a defense that is offered and that attempts to excuse the criminal actions of the accused." A.R.S. § 13-103(B). "[A]n affirmative defense is a matter of avoidance of culpability even if the State proves the offense beyond a reasonable doubt. It 'does not serve to negative any facts of the crime which the State is to prove in order to convict . . . .'" *State v. Farley*, 199 Ariz. 542, 544 ¶ 11, 19 P.3d 1258, 1260 (App. 2001) (quoting *Patterson v. New York,* 432 U.S. 197, 207 (1977)).

¶23        These categories of defenses are mutually exclusive. A.R.S. §§ 13-103(B) ("Affirmative defense does not include any justification defense"), -205(A) ("Justification defenses . . . are not affirmative defenses."). Affirmative defenses also do not include "any defense that either denies an element of the offense charged or denies responsibility" for that offense. § 13-103(B).

¶24        The court of appeals apparently characterized § 13-1407(E) as an element-negating defense under § 13-103(B). *Holle*, 238 Ariz. at 226 ¶ 25, 358 P.3d at 647. Despite that characterization, the court described the defense as a species of a justification defense. *Compare id.* at ¶ 26 (discussing that the state must prove beyond a reasonable doubt that the defendant's conduct was motivated by a sexual interest if defendant meets his initial burden of production to raise the defense under § 13-1407(E)), *with King*, 225 Ariz. at 89 ¶ 6, 235 P.3d at 242 (noting that "[j]ustification is not an affirmative defense that the defendant must prove," and that "if the defendant presents evidence of self-defense, the state bears the burden of proving 'beyond a reasonable doubt that the defendant did not act with justification'") (quoting A.R.S. § 13-205(A)). But the § 13-1407(E) defense clearly is not a justification defense, and Holle does not argue otherwise.

¶25        Instead, contrary to the court of appeals' holding, § 13-1407(E) is an affirmative defense. On its face, that statute excuses otherwise criminal conduct by a defendant. When the requisite facts are established, § 13-1407(E) provides that a defendant who otherwise violates §§ 13-1404 or 13-1410 is excused from that violation and must be found "not guilty." That is precisely what an affirmative defense does. *See* § 13-103(B). We thus agree with *Simpson* that "[t]he 'sexual interest' provision of § 13-1407(E) is not an element of the offense of child molestation [or sexual abuse], but rather 'create[s] an affirmative defense regarding motive.'" 217 Ariz. at 329 ¶ 19, 173 P.3d at 1030 (quoting *State v. Sanderson*, 182 Ariz. 534, 542, 898 P.2d 483, 491 (App. 1995)). As such, "the Legislature may allocate to defendant the burden of proving it." *Farley*, 199 Ariz. at 545 ¶ 14, 19 P.3d at 1261.

## C.

¶26        In support of its holding, the court of appeals extensively relied on statutory history and Arizona case law that interpreted prior versions of the child-molestation and sexual-abuse statutes as implying a "sexual interest" element. *Holle*, 238 Ariz. at 222-25 ¶¶ 12-22, 358 P.3d at 643-46.  But when, as here, the applicable statutory "language is clear and unequivocal, it is determinative of the statute's construction," and we need not employ secondary principles of statutory interpretation.  *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).  Nevertheless, we highlight pertinent aspects of the history of "these confusing statutes and the equally confusing case law they have produced," *Getz*, 189 Ariz. at 562, 944 P.2d at 504.  Critical to our analysis are the legislature's 1983 enactment of § 13-1407(E), 1983 Ariz. Sess. Laws, ch. 202, § 10 (1st Reg. Sess.), its 1993 overhaul of the child-molestation statute, 1993 Ariz. Sess. Laws, ch. 255, § 29 (removing the word "molests" and changing the required mental state), and its specifically defining "sexual contact," *id.* § 23.  In view of those significant developments that shaped the current statutory scheme, we disagree with the court of appeals' assertion that "sexual interest remain[s] an implicit element of the offenses" on which the state carries the burden of proof if the defendant "raise[s] the defense listed under § 13-1407(E)."  *Holle*, 238 Ariz. at 225 ¶ 22, 226 ¶ 26, 358 P.3d at 646, 647.

¶27        Though not controlling on our interpretation of the current statutes, one line of older cases deserves mention.  The court of appeals, *Holle*, 238 Ariz. at 223 ¶ 15, 225 ¶ 22, 358 P.3d at 644, 646, like our partially dissenting colleagues, *infra* ¶ 55, rely largely on *State v. Berry*, 101 Ariz. 310, 419 P.2d 337 (1966).  The child molestation statute then in effect provided:

> A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony.

*Berry*, 101 Ariz. at 312, 419 P.2d at 339 (quoting former A.R.S. § 13-653).  In rejecting the defendant's constitutional challenge to the statute, the Court reasoned that "both the word 'molest' itself and the general intent of the Legislature as may be grasped from a reading of the statute as a whole," as well as the statute's lack of any express "element of intent or scienter," required the defendant to be "'motivated by an unnatural or abnormal sexual interest or intent with respect to children.'"  *Id.* at 313, 419 P.2d at 340 (quoting *State v. Trenary*, 79 Ariz. 351, 354, 290 P.2d 250, 252 (1955)).

¶28        With minimal or no analysis or consideration of statutory changes, subsequent Arizona cases "continued to parrot" that language.  *In re Maricopa Cty. Juvenile Action No. JV-121430*, 172 Ariz. 604, 606, 838 P.2d 1365, 1367 (App. 1992); *see State v. Lujan*, 192 Ariz. 448, 451 ¶ 7, 967 P.2d 123, 126 (1998) (addressing pre-1993, former § 13-

1410 and, although citing § 13-1407(E), stating in dicta: "'Knowingly molests' not only requires that the defendant touch a child's private parts but that the defendant be motivated by a sexual interest."). The 1983 enactment of § 13-1407(E), however, displaced *Berry* and the other case law that, like *Berry*, interpreted pre-1993 versions of the child molestation statute to include as an implied element of that offense a defendant's sexual motivation. *Berry* and its progeny were based on statutory deficiencies that no longer exist: the former statute's use of the undefined word "molest" and the lack of any scienter/intent requirement.

¶29        In contrast, the current molestation statute, § 13-1410, differs in four significant ways: (1) "molest" has been excised as an element of the crime, (2) the necessary scienter has been identified and included in the statute, (3) the scienter requirements and essential element of "sexual contact" have been defined, §§ 13-105(10)(a)-(b), -1401(A)(3), and most importantly, (4) an affirmative defense regarding sexual motivation has been established in § 13-1407(E). Unlike the Court in *Berry*, we are not called upon to clarify an undefined term or to establish scienter.

¶30        The court of appeals also misapplied this Court's opinion in *In re Pima Cty. Juvenile Appeal No. 74802-2*, 164 Ariz. 25, 33–34, 790 P.2d 723, 731–32 (1990). *See Holle*, 238 Ariz. at 224 ¶ 20, 358 P.3d at 645. In that case we noted that, unlike the former child molestation statute on which *Berry* and other cases had judicially imposed a sexual motivation element, the sexual abuse statute did not require the defendant to be motivated by an unnatural or abnormal sexual interest. 164 Ariz. at 33-34, 790 P.2d at 731-32. In rejecting the defendant's argument "to read" that additional element into § 13-1404, the Court noted that prior cases relating to the child molestation statutes "were limited to interpreting the word 'molest,' and we did not intend to set a general rule applicable to all sexual abuse statutes." *Id.*

¶31        *Getz* likewise refutes the court of appeals' analysis and Holle's argument. In *Getz*, 189 Ariz. at 564, 944 P.2d at 506, we refused to incorporate in the statutory definition of sexual abuse under § 13-1404 a defense in § 13-1407. There, the State argued that § 13-1407(B)'s reference to a minor victim's "incapacity to consent" relieved the State of its burden to prove, for a charge of sexual abuse, that a defendant had "engag[ed] in sexual contact with any person who is fourteen or more years of age *without consent of that person*," when "without consent" was defined by statute and did not include incapacity due to age. *Getz*, 189 Ariz. at 563–64, 944 P.2d at 505–06. In rejecting the State's argument that the affirmative defense in § 13-1407(B) changed the elements of sexual abuse, this Court noted there could be "constitutional ramifications of superimposing the affirmative defense statute into the definitional statute." *Id.* at 565, 944 P.2d at 507. We therefore applied the sexual abuse statute as written. *Id.*

¶32        Other secondary principles of construction defeat Holle's argument. His contention would make § 13-1407(E) superfluous; a defendant would not have to invoke

the defense if the state has and fails to carry the burden of proving sexual motivation as an element of the offenses. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552 ¶ 31, 105 P.3d 1163, 1171 (2005) ("Whenever possible, we do not interpret statutes in such a manner as to render a clause superfluous."). In addition, the defense provided in § 13-1407(E) is just one of six separate defenses enumerated in that statute. Under Holle's position, arguably all the defenses listed in § 13-1407 would be implicit elements, that is, circumstances that the state would have to prove beyond a reasonable doubt did not exist. At the very least, it requires a court to pick and choose which are elements and which are defenses, when the statute treats them alike. Either scenario would be plainly inconsistent with the legislature's decision to designate all those circumstances as statutory "defenses," not "elements." *Cf. State v. Gamez*, 227 Ariz. 445, 451 ¶ 36, 258 P.3d 263, 269 (App. 2011) (characterizing the defense under § 13-1407(B) as an "affirmative defense"); *State v. Falcone*, 228 Ariz. 168, 172-73 ¶ 18, 264 P.3d 878, 882-83 (App. 2011) (same).

¶33        Likewise, viewing sexual motivation as an element of child molestation or sexual abuse would obligate the state to prove additional aspects of a defendant's mental state beyond the mental states ("intentionally or knowingly") that are statutorily defined and expressly required. *See* A.R.S. §§ 13-105(10)(a)-(b), -1404(A), -1410(A). We have no reason to believe the legislature intended those results, particularly when they would be irreconcilable with the statutory language. And the legislature's purposeful decision to make lack of sexual motivation an affirmative defense is understandable inasmuch as a defendant is in the best position to know his or her motivation.

¶34        Other defenses to prosecutions for sexual abuse provided in § 13-1407 also support our view that the legislature did not intend to make sexual motivation an element of sexual abuse under § 13-1404(A). Sections 13-1407(A) and (C) provide defenses if the "sexual contact" was "in furtherance of lawful medical practice" or in "administering a recognized and lawful form of treatment" during an emergency. If sexual motivation is an element of sexual abuse, it is difficult to imagine when these defenses would apply. Lawful medical treatment or emergency care is not sexually motivated, so a prosecution that did not prove sexual motivation would fail without the need to consider these defenses. Conversely, if sexual motivation is proven, the defenses in subsection (A) and (C) could not be shown. The only way to make these defenses viable is to conclude that the legislature intended to omit sexual motivation as an element of sexual abuse but permit medical practitioners and emergency care workers to defend a charge by showing that the sexual contact was motivated by medical care for the minor.

¶35        Finally, as *Getz* discussed, superimposing a defense into the statute that defines the crime could have constitutional ramifications. 189 Ariz. at 565, 944 P.2d at 507; *see Bus. Realty of Arizona, Inc. v. Maricopa Cty.*, 181 Ariz. 551, 559, 892 P.2d 1340, 1348 (1995) (noting that courts should try to interpret statutes in a way that avoids constitutional questions if possible). Although the court of appeals essentially treated

sexual motivation under § 13-1407(E) as an element the state must prove for sexual abuse or child molestation charges, it placed on the defense the initial "burden of production" regarding sexual motivation. *Holle*, 238 Ariz. at 226 ¶¶ 25–26, 358 P.3d at 647. But that procedural framework would effectively, and arguably unconstitutionally, shift the burden of persuasion inasmuch as the state would not have to prove the "element" of sexual motivation unless the defendant first carried the burden of production. *See Minnesota v. Cannady*, 727 N.W.2d 403, 408 (Minn. 2007) (finding unconstitutional a statutory affirmative defense because, "[b]y placing the burden of production of an *essential element of the offense* on the defendant," the statute "creates a de facto shift in the burden of persuasion to the defendant on [an] essential element of [the offense]"). Under the court of appeals' analysis, if a defendant fails to carry his initial burden of production, the element of sexual motivation would be effectively presumed, which would violate due process. *See Casey*, 205 Ariz. at 363 ¶ 13, 71 P.3d at 355 (noting that the state has the burden of proving each element beyond a reasonable doubt); *State v. Mohr*, 150 Ariz. 564, 567-68, 724 P.2d 1233, 1236-37 (App. 1986) (finding that a jury instruction "unconstitutionally shifted the burden of proof to appellant on an element of each offense . . . in violation of the principles enunciated in *Francis v. Franklin*, 471 U.S. 307 (1985)").

¶36 Because §§ 13-1404, 13-1407(E), and 13-1410 are plain on their face, we must apply those statutes as written. The defenses in § 13-1407 are just that — defenses. They are not elements of the crimes and cannot reasonably be treated as such. *See Getz*, 189 Ariz. at 563–66, 944 P.2d at 505–08; *State v. Sandoval*, 175 Ariz. 343, 345–47, 857 P.2d 395, 397–99 (App. 1993) (stating that trial court erred in dismissing charges against defendant for indecent exposure because defendant's actions had to be motivated by sexual interest where language of statute defining crime was unambiguous and did not include that as an element); *see also State v. Miranda*, 200 Ariz. 67, 69 ¶ 5, 22 P.3d 506, 508 (2001) ("Courts may not add elements to crimes defined by statute.").

¶37 Holle does not cite, nor have we uncovered, any case in which an Arizona court has found an "implicit" element of a crime when the statute itself that defines the crime contains no such element, particularly where, as here, the alleged "implicit" element is contained in a separate statute that identifies "defenses" to the charged offense. Contrary to the court of appeals, we do not view the § 13-1407(E) defense as one that "either denies an element of the offense charged or denies responsibility," *Holle*, 238 Ariz. at 226 ¶ 25, 358 P.3d at 647 (citing § 13-103(B)). The trial court's jury instructions comported with the pertinent statutes, including § 13-1407(E). *Cf. State v. Jackson*, 124 Ariz. 206, 207, 603 P.2d 98, 99 (App. 1978) (concluding that the trial court properly instructed the jury on a prior version of child molestation by reciting the statutory elements of the offense and refusing defendant's request to require proof of an "'unnatural or abnormal sexual interest or intentions with respect to children'" as "an additional element"), approved in part and vacated on other grounds, 124 Ariz. 202, 203, 205, 603 P.2d 94, 95, 97 (1979).

## III.

### A.

¶38 Holle alternatively argues that the legislature overstepped its constitutional authority by removing sexual motivation as an element of child molestation and sexual abuse and shifting the burden to defendants by making the lack of such motivation an affirmative defense. If § 13-1407(E) is so construed, he contends, it violates due process and produces intolerable, absurd results. We are not persuaded.

¶39 The United States Supreme Court has held that federal due process does not bar a state from requiring a defendant to establish a defense by a preponderance of the evidence. *Martin v. Ohio*, 480 U.S. 228, 233 (1987); *see also Patterson*, 432 U.S. at 205–06 (holding that state may require defendant to prove defense of extreme emotional disturbance). "The State is foreclosed from shifting the burden of proof to the defendant only when an affirmative defense [] negate[s] an element of the crime. Where instead it excuse[s] conduct that would otherwise be punishable, but does not controvert any of the elements of the offense itself, the Government has no constitutional duty to overcome the defense beyond a reasonable doubt." *Smith v. United States*, 133 S. Ct. 714, 719 (2013) (internal quotation marks and citations omitted); *see Casey*, 205 Ariz. at 366 ¶ 30, 71 P.3d at 358 (holding that "the legislature has the constitutional authority to shift the burden of proof" for an affirmative defense to the defendant); *Farley*, 199 Ariz. at 545 ¶ 13, 19 P.3d at 1261 ("although due process requires the State to prove every *element* of the offense beyond a reasonable doubt, it does not require the State to prove the absence of an *affirmative defense*").

¶40 States have broad authority to define the elements of a crime. *See Martin*, 480 U.S. at 233. Likewise, the legislature has broad authority to codify defenses and to define their elements. *See State v. Gray*, 239 Ariz. 475, 479 ¶¶ 16-19, 372 P.3d 999, 1003 (2016) (holding that the legislature may constitutionally define the elements and prerequisites of entrapment defense under A.R.S. § 13-206). As long as a jury is properly instructed that it may find guilt only if the state proves each element of the crime beyond a reasonable doubt, it does not offend due process to require the defendant to prove by a preponderance of the evidence that, despite proof of every element of the offense, he is nevertheless blameless because of an affirmative defense. *Martin*, 480 U.S. at 233. Treating lack of sexual motivation under § 13-1407(E) as an affirmative defense which a defendant must prove does not offend due process.

¶41 Holle also argues that this conclusion produces absurd and impermissible results. If proof of sexual motivation is not required for charges of child molestation and sexual abuse, Holle asserts, it would mean that parents and other caregivers commit those crimes whenever they change an infant's diaper and bathe or otherwise clean a child's genitals. Pediatricians and other medical providers would likewise violate those laws

when properly and professionally examining a child patient's private parts. These arguments, echoed by the dissent, are unpersuasive.

¶42      We agree that the criminal code should clearly differentiate between unlawful conduct and innocent, acceptable behavior without unnecessarily broadly sweeping the latter into the former. Subject to constitutional constraints, however, proscribing certain conduct and defining what constitutes a crime and any defense thereto are solely within the purview of the political branches of government, not the courts. *Casey*, 205 Ariz. at 362 ¶ 10, 71 P.3d at 354.

¶43      Although §§ 13-1404 and 13-1410 broadly define sexual abuse and child molestation, prosecutors are unlikely to charge parents, physicians, and the like when the evidence demonstrates the presence of an affirmative defense under § 13-1407. Neither Holle nor the dissent suggests that a diapering parent or a physician conducting an appropriate examination has ever been charged under §§ 13-1404 or 13-1410. In addition, other criminal statutes are comparably broad and, if their elements are proven, require the defendant to assert and prove a valid affirmative defense. For example, Arizona's assault statute, A.R.S. § 13-1203, broadly provides: "A person commits assault by: 1. Intentionally, knowingly or recklessly causing any physical injury to another person; or 2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or 3. Knowingly touching another person with the intent to injure, insult or provoke such person." "Physical injury" means "the impairment of physical condition." A.R.S. § 13-105(33). A medical provider arguably commits an assault whenever he or she causes *any physical injury* to his or her patient, but that doctor can assert the affirmative defense of consent. *See generally* Wayne LaFave, 2 Subst. Crim. L. § 16.2 (2d ed.) (discussing that doctors commit a battery when they perform an operation, but they can raise the consent defense); *see also* W. E. Shipley, Annotation, *Consent as Defense to Charge of Criminal Assault and Battery*, 58 A.L.R.3d 662 (1974) (surveying cases).

¶44      Prosecutors have wide discretion in enforcing criminal statutes, charging suspects, and prosecuting offenders. *Wayte v. United States*, 470 U.S. 598, 607 (1985). Holle's bare assertion that, absent a sexual motivation element, §§ 13-1404 and 13-1410 will hypothetically lead to absurd prosecutions does not warrant ignoring the plain language of the subject statutes. We cannot and will not assume that the state will improperly prosecute persons who, though perhaps technically violating the terms of broad statutes such as §§ 13-1404 and 13-1410, clearly engaged in reasonable, acceptable, and commonly permitted activities involving children. *See* Ariz. R. Sup. Ct. 42, Ethical Rule 3.8, cmt. 1 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice, that guilt is decided upon the basis of sufficient evidence, and that special precautions are taken to prevent and to rectify the conviction of innocent persons."); *see generally* P. H. Vartanian, Annotation, *Duty and Discretion of District or Prosecuting Attorney as Regards Prosecution for Criminal Offenses*, 155

A.L.R. 10 (Originally published in 1945) (surveying cases through 2015). We do not address "hypothetical scenarios where other types of touching might not be deemed criminal," and in which application of those statutes might present serious constitutional concerns. *State v. Mendoza*, 234 Ariz. 259, 261 ¶ 11, 321 P.3d 424, 426 (App. 2014).

**B.**

¶45        Based on an argument Holle did not make and inapposite cases he does not cite, the dissent asserts that our interpretation of the pertinent statutes, based on their plain text, "renders the statutes unconstitutional." *Infra*, ¶ 53. Although Holle argued that shifting the burden onto defendants to prove an absence of sexual motivation would violate due process, he has never asserted a "constitutional vagueness problem," *id.*, the lynchpin of the dissent. *Cf. Berry*, 101 Ariz. at 312-13, 419 P.2d at 339-40 (rejecting defendant's specific argument that prior version of child molestation statute was unconstitutionally vague). Generally we do not address constitutional issues not raised by the parties, let alone base our decision on them. *See State v. Bolton*, 182 Ariz. 290, 297-98, 896 P.2d 830, 837-38 (1995) (constitutional issues not raised or adequately argued below are waived absent fundamental error). But aside from this procedural hurdle, we disagree with the dissent.

¶46        The Supreme Court cases on which the dissent relies did not involve affirmative defenses, but instead addressed laws that contained genuinely vague terms. Unlike those cases, this case does not involve a statute that fails to "provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *see also Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding void for vagueness the "residual clause" of a violent-felony statute that "involves conduct that presents a serious potential risk of physical injury to another"). Despite their arguable shortcomings, the statutes at issue are not vague – their descriptions of the proscribed "sexual contact" are quite precise, §§ 13-1401(A)(3), -1404(A), -1410(A), and the affirmative defenses identified in § 13-1407 are not only clear but also tend to deter arbitrary enforcement. In previously rejecting a vagueness challenge to § 13-1404, this Court observed that "[t]he statute is phrased with specificity so that reasonable persons will know exactly what is demanded of them," and that "the statute quite clearly differentiates between conduct that is proscribed and conduct that is not proscribed." *In re Pima Cty. Juvenile Appeal No. 74802-2*, 164 Ariz. at 28-29, 790 P.2d at 726-27. The dissent's vagueness argument is incompatible with that case.

¶47        In addition, if §§ 13-1404 and 13-1410 were unconstitutionally vague and thus invalid on their face, as the dissent implies, they would be void and unenforceable under any circumstances and should be stricken. *See Coates v. City of Cincinnati*, 402 U.S. 611, 615-16 (1977). But the dissent does not go that far. Rather, to avoid the statutes' alleged constitutional flaw (criminalizing some acceptable and appropriate behavior), the

dissent would effectively rewrite the statutes to require the state to prove sexual motivation, when the statutes clearly contain no such requirement. That we cannot do. *Miranda*, 200 Ariz. at 69 ¶ 5, 22 P.3d at 508; *see also In re Nicholas S.*, 226 Ariz. 182, 186 ¶ 18, 245 P.3d 446, 450 (2011) ("Although courts properly construe statutes to uphold their constitutionality, courts cannot salvage statutes by rewriting them because doing so would invade the legislature's domain.").

¶48 Nor does the dissent suggest that the statutes are ambiguous or that we misread their plain language. It is one thing to interpret an ambiguous statute in a way that avoids a potential constitutional issue, but it is quite another to rewrite an unambiguous statute to avoid an alleged constitutional issue. And yet that is exactly what the dissent proposes, as it would "interpret the existing statutes as requiring the state to prove that a defendant was 'motivated by a sexual interest' to establish a violation of A.R.S. §§ 13-1404(A) or -1410." *Infra*, ¶ 56. That interpretation simply cannot be squared with the statutes' plain language. In short, although we might well agree with the dissent as a matter of policy preference and statutory draftsmanship, none of the dissent's cited cases justifies rewriting the child molestation and sexual abuse statutes to include sexual motivation as an element of those offenses. *Cf. McDonnell v. United States*, 136 S. Ct. 2355, 2367-68, 2372-73 (2016) (rejecting government's broad interpretation of "official acts" under federal bribery statute when its interpretation was "inconsistent with both [the statutory] text and precedent," did not comport with statutory-construction canons, and raised "significant federalism concerns" and constitutional issues).

¶49 Finally, the dissent repeats Holle's hypothetical, unrealistic concerns about subjecting to criminal prosecutions parents or other child caregivers changing diapers. *Infra*, ¶ 52. But if a prosecution actually were to result from such innocent behavior (no such case has been cited), an "as applied" constitutional challenge would likely have merit in light of parents' fundamental, constitutional right to manage and care for their children. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). Neither Holle nor the dissent suggests that the statutes, as applied to Holle, are unconstitutional. *Cf. Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) ("We consider whether a statute is vague as applied to the particular facts at issue, for 'a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'") (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)); *New York v. Ferber*, 458 U.S. 747, 767 (1982) ("[A] person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court."). Indeed, the circumstances here support the legislature's understandable decision to place the burden of proving lack of sexual motivation on the defendant rather than requiring the state to prove it, when (as the court of appeals and our dissenting colleagues conclude in finding harmless error) the touching was clearly inappropriate.

**IV.**

**¶50** Based on the language in question and our analysis of the statutory defenses recognized in Arizona, we hold that § 13-1407(E) provides an affirmative defense.  The trial court thus properly instructed the jury that Holle's alleged lack of sexual motivation is an affirmative defense under that statute, requiring him to prove by a preponderance of the evidence that he was not motivated by a sexual interest.  Accordingly, we vacate the court of appeals' opinion and affirm Holle's convictions and sentences.

STATE v. HOLLE
CHIEF JUSTICE BALES, joined by JUSTICE BRUTINEL, Dissenting
in Part and Concurring in the Result

BALES, C.J., joined by BRUTINEL, J., dissenting in part and concurring in the result.

¶51 Arizona, apparently alone among jurisdictions, has enacted criminal laws broadly stating that a person commits a felony merely by "intentionally or knowingly" touching the genitals or anus of a child or the breast of a female younger than fifteen. A.R.S. §§ 13-1401(3), -1404(A), -1410. The majority concludes that these statutes should be applied literally and therefore require no mental state beyond a person's intentionally or knowingly touching a child's "private parts." *Supra* ¶ 17.

¶52 Parents and other caregivers who have changed an infant's soiled diaper or bathed a toddler will be surprised to learn that they have committed a class 2 or 3 felony. They also will likely find little solace from the majority's conclusion that although they are child molesters or sex abusers under Arizona law, they are afforded an "affirmative defense" if they can prove by a preponderance of the evidence that their touching "was not motivated by a sexual interest." A.R.S. § 13-1407(E). Such a defense, as the majority notes, does not mean that a crime has not occurred, but instead that the miscreant may avoid "culpability" by persuading the factfinder that the "criminal conduct" should be excused. *Supra* ¶¶ 22, 25.

¶53 The majority's interpretation, I believe, renders the statutes unconstitutional. No one thinks that the legislature really intended to criminalize every knowing or intentional act of touching a child in the prohibited areas. Reading the statutes as doing so creates a constitutional vagueness problem, as it would mean both that people do not have fair notice of what is actually prohibited and that the laws do not adequately constrain prosecutorial discretion. *See, e.g., United States v. Williams*, 553 U.S. 285, 304 (2008) (noting that a criminal statute is impermissibly vague if it does not "provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement"); *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 616 (1977) (holding ordinance that barred groups from conducting themselves in "annoying" manner on sidewalks was unconstitutionally vague for discretion it allowed in enforcement); *United States v. Reese*, 92 U.S. 214, 220 (1875) ("Every man should be able to know with certainty when he is committing a crime.").

¶54 The vagueness problem is not solved by the majority's characterizing A.R.S. § 13-1407(E) as an affirmative defense. Doing so means that the state has shifted to the accused the burden of proving the absence of the very fact – sexual motivation – that distinguishes criminal from innocent conduct. Although states have discretion in assigning to defendants the burden of proving affirmative defenses, the Supreme Court has noted "there are obviously constitutional limits beyond which the States may not go in this regard." *Patterson v. New York*, 432 U.S. 197, 209–10 (1977). That limit is passed here if the statutes are construed as criminalizing a broad swath of indisputably innocent

STATE v. HOLLE
CHIEF JUSTICE BALES, joined by JUSTICE BRUTINEL, Dissenting
in Part and Concurring in the Result

conduct but assigning to defendants the burden of proving their conduct was not criminally motivated. *See In re Winship*, 397 U.S. 358, 364 (1970) (holding that the Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").

¶55        Fifty years ago, we addressed a similar issue of statutory interpretation in *State v. Berry*, 101 Ariz. 310, 419 P.2d 337 (1966). There the statute provided that a person "molests a child," and thereby commits a felony, "by fondling, playing with, or touching the private parts of a child[.]" *Id.* at 312, 419 P.2d at 339 (quoting A.R.S. § 13-653 (1966)). This statute was challenged as unconstitutionally vague because by its terms it might apply to "such people as parents and doctors who might touch a child's private parts for other than condemning reasons." *Id.* The Court refused to read the statute's words literally or in isolation, and instead interpreted the statute in light of its intended purpose. *Id.* Noting that "where a penal statute fails to expressly state a necessary element of intent or scienter, it may be implied[,]" the Court concluded that the offense required proof that the acts were motivated by an unnatural or abnormal sexual interest. *Id.* at 313; *Cf. Staples v. United States*, 511 U.S. 600, 614–15 (1994) (interpreting federal firearms statute as impliedly including *mens rea* requirement when failing to do so "potentially would impose criminal sanctions on a class of persons whose mental state—ignorance of the characteristics of weapons in their possession—makes their actions entirely innocent").

¶56        Although the majority correctly notes that the legislature has revised the pertinent statutes since our decision in *Berry*, I would interpret the existing statutes as requiring the state to prove that a defendant was "motivated by a sexual interest" to establish a violation of A.R.S. §§ 13-1404(A) or -1410. To avoid the constitutional vagueness and burden-shifting problems, I would construe the "defense" referenced in A.R.S. § 13-1407(E) as acknowledging a defendant may deny the implied element that the charged conduct was motivated by a sexual interest, rather than as referring to an affirmative defense. *See* A.R.S. § 13-103(B) (noting that affirmative defense does not include "any defense that either denies an element of the offense charged or denies responsibility, including alibi, misidentification or lack of intent").

¶57        The majority opinion does not convincingly respond to these points. It first states that a "procedural hurdle" should deter us from considering whether its interpretation renders the statutes unconstitutionally vague. *Supra* ¶ 45. But Holle clearly raised below and before this Court the issue whether due process allows the state to shift to defendants the burden of proving an absence of sexual motivation. In resolving that issue, which involves both statutory and constitutional interpretation, we are not limited to the arguments or legal authorities as identified by the parties. *See Rubens v. Costello*, 75 Ariz. 5, 9, 251 P.2d 306, 308 (1952). The reason is obvious: when we are interpreting statutes or the constitution, our obligation is to reach the correct conclusion,

STATE v. HOLLE
CHIEF JUSTICE BALES, joined by JUSTICE BRUTINEL, Dissenting
in Part and Concurring in the Result

not merely to pick which party has better articulated a particular legal argument. *See id.*; *Lyons v. State Board of Equalization*, 209 Ariz. 497, 502 n.2, 104 P.3d 867, 872 n.2 (App. 2005) (courts are not "limited to the arguments made by the parties if that would [lead to] an incorrect result") (citing *Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993)).

¶**58**        On the merits, the majority opinion is in tension both with itself and recent decisions of the United States Supreme Court. The majority argues that the statutes unambiguously make it a crime to knowingly or intentionally touch a child in the proscribed areas. *Supra* ¶¶ 16–18. But concluding, as does the majority, that a statute by its terms identifies a broad range of conduct does not resolve whether it is unconstitutionally vague. *Cf. United States v. X-Citement Video Inc.*, 513 U.S. 64 (1994) (refusing to adopt "most grammatical" reading of statute when doing so would criminalize a range of innocent behavior and thereby raise "serious constitutional doubts"). The issue instead is whether the statute gives notice of what is actually prohibited and sufficiently constrains prosecutorial discretion. *See McDonnell v. United States*, 136 S. Ct. 2355, 2372–73 (2016) (refusing to adopt literal interpretation of "official acts" for purposes of federal bribery statute where doing so would raise "significant constitutional concerns" by bringing "normal political interaction" within sweep of criminal laws).

¶**59**        The majority undermines its own conclusion by observing that substantive due process would prevent applying the statutes to parents in certain situations. *Supra* ¶ 49. Whatever the contours of a parent's substantive due process rights to "manage and care for" a child, *id.*, they surely do not insulate a parent from criminal penalties for improper contact that is sexually motivated. Thus, the majority must instead be asserting that substantive due process may preclude applying the statutes to parents who do not act with a sexual motivation. That observation, however, merely underscores that if the statutes are read literally they do not identify the conduct they actually criminalize. Nor does it address the vagueness issue with respect to others, such as caregivers, who are not parents but may intentionally touch a child in the proscribed areas for reasons as benign as changing a diaper.

¶**60**        The majority also suggests that prosecutors will exercise their discretion so as not to "improperly" prosecute technical violations of §§ 13-1404 and 13-1410. *Supra* ¶ 45. But decisions by the United States Supreme Court clearly establish that unduly broad criminal prohibitions cannot be salvaged by assurances that prosecutors will wisely exercise their discretion. *See McDonnell*, 136 U.S. at 2372–73 (observing that "we cannot construe a criminal statute on the assumption that the Government will 'use it responsibly'") (quoting *United States v. Stevens*, 559 U.S. 460, 480 (2010)).

STATE v. HOLLE
CHIEF JUSTICE BALES, joined by JUSTICE BRUTINEL, Dissenting
in Part and Concurring in the Result

¶61 My difference with the majority turns on a fundamental question: may the state, consistent with due process, sweepingly criminalize a broad range of conduct embracing both innocent and culpable behavior and assign to defendants the burden of proving their innocence? Because I believe the answer is no, I would follow *Berry*'s example and interpret §§ 13-1404 and 13-1410 as impliedly requiring the state to prove a defendant acted with a sexual motive. Accordingly, like the court of appeals, I would hold that the trial court erred in instructing the jury that lack of sexual motivation is an affirmative defense that Holle had the burden of proving. On this point, I respectfully dissent from the majority's contrary conclusion. Because I also agree with the court of appeals that the erroneous instruction was harmless beyond a reasonable doubt, I concur in the affirmance of Holle's convictions and sentences.