NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KEITH H. KRENKLIS, *Petitioner*.

No. 1 CA-CR 18-0712 PRPC
FILED 2-19-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-135529-001
The Honorable Jose S. Padilla, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Keith H. Krenklis, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Jon W. Thompson and Vice Chief Judge Peter B. Swann joined.

**M O R S E**, Judge:

¶1 Petitioner Keith Krenklis petitions this court for review from the dismissal of his of-right petition for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure 32.1. For the reasons stated, we grant review but deny relief.

¶2 Krenklis pleaded guilty to three offenses, including two counts of attempted molestation of a child. In his petition for PCR, he claimed his convictions violated the federal constitution because A.R.S. § 13-1407(E) (2017) impermissibly shifted the burden of proof to the defendant. The superior court denied this claim. In his petition for review, Krenklis raises the same claim.

¶3 We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶4 Here, we find no abuse of discretion. Krenklis claims the statutes he violated unconstitutionally shifted the burden of proof to the defendant by requiring the defendant to prove a lack of sexual motivation as an affirmative defense. In support, Krenklis cites *May v. Ryan*, 245 F. Supp. 3d 1145, 1164 (D. Ariz. 2017), which found the statutes to be unconstitutional. That opinion, however, is not binding on our Court. *State v. Gates*, 118 Ariz. 357, 359 (1978). Our state supreme court has found the child molestation statutes constitutional, *State v. Holle*, 240 Ariz. 300, 308, ¶ 38 (2016), and we are bound by the decisions of our supreme court, *State v. Smyers*, 207 Ariz. 314, 318, ¶ 15, n.4 (2004). We find no error.

¶5 For the foregoing reasons, we grant review but deny relief.

