NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SANDFORD CARTER CAIME, *Petitioner*.

No. 1 CA-CR 19-0241 PRPC
FILED 12-17-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2013-004449-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Sandford Carter Caime, Kingman
*Petitioner*

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Michael J. Brown joined.

**C A M P B E L L, Judge**:

¶1　　　　Sandford Caime petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2　　　　Caime pleaded guilty to three counts of attempted child molestation. In accordance with the plea agreement, the superior court sentenced him to thirteen years' imprisonment to be followed by lifetime probation.

¶3　　　　Caime timely initiated a request for post-conviction relief. **[I. 99]** After his appointed attorney filed a notice stating she could find no colorable claims to pursue on his behalf, Caime filed a petition *in propria persona*. The superior court summarily dismissed Caime's petition, occasioning our review. We will not disturb the court's decision absent an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016).

¶4　　　　In his petition for review, Caime contends the superior court erred by dismissing claims that (1) he was convicted under an unconstitutional statutory scheme requiring child molestation defendants to prove they lacked sexual intent, (2) his attorney was ineffective for failing to challenge the constitutionality of the child molestation law, and (3) his attorney was ineffective for failing to investigate and interview potential witnesses with knowledge of the victim's propensity to lie.

¶5　　　　When Caime committed the attempted child molestation offenses at issue in this case, the State was not required to "prove as an element of those crimes that [the] defendant's conduct was motivated by a sexual interest." *State v. Holle*, 240 Ariz. 300, 301, ¶ 1 (2016). It was the defendant's burden, rather, to prove lack of sexual motivation as an affirmative defense. *Id.* Our supreme court held that this allocation of burdens in child molestation prosecutions was constitutional. *Id.* at 308–11, ¶¶ 38–49. That the legislature subsequently changed the law to require the

State to prove sexual motivation as an element of the offense, *see* 2018 Ariz. Sess. Laws, ch. 266 (2d Reg. Sess.), did not render the prior law unconstitutional. Accordingly, the superior court did not abuse its discretion in dismissing Caime's claims that the statute of his conviction was unconstitutional and that his attorney was incompetent for failing to raise the issue.

**¶6** We also discern no abuse of discretion in the superior court's rejection of Caime's claim his attorney should have investigated and interviewed potential witnesses. In support of this argument, Caime provides excerpts from a letter purportedly written by the victim's mother in which she describes instances of the victim lying to the mother and to a friend of the victim. These excerpts, without more, do not suffice to establish a colorable claim of ineffective assistance.

**¶7** An assertion that counsel's incompetent performance caused the defendant to plead guilty "must be accompanied by an allegation of specific facts which would allow a court to meaningfully assess why [counsel's] deficiency was material to the plea decision." *State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (1998). Caime does not satisfy this requirement because he does not show "he placed particular emphasis" on his attorney's failure to investigate matters raised in the letter "in deciding whether or not to plead guilty." *Hill v. Lockhart*, 474 U.S. 52, 60 (1985). Nor does the letter independently show that a lack of further investigation was inherently material to Caime's plea decision. Moreover, even if the victim lied to her mother as reported in the letter, the record indicates the mother believed the victim was telling the truth about Caime's conduct in this case. And the mother's general statement in the letter about the victim lying to a childhood friend is inadequate to suggest the existence of material evidence in support of Caime's defense.

**¶8** We therefore grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA